A05A1389. SMITH v. THE STATE.
(619 SE2d 358)

BLACKBURN, Presiding Judge.

Following a bench trial, Willie Anthony Smith appeals his conviction for robbery by intimidation, contending that the trial court erred by: (1) admitting evidence of prior robberies committed by him, thereby improperly placing his character in evidence; (2) admitting certain hearsay statements regarding his alibi; and (3) limiting his cross-examination of the robbery victim. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, for approximately 18 months, Smith worked at a furniture store alongside Gail Barton. Prior to leaving his job in March

---

[4] *Holliman v. State*, 175 Ga. 232, 238 (165 SE 11) (1932).

2004, Smith described his dire financial difficulties to Barton. During this time period, Barton noticed that Smith generally wore neatly-pressed blue jeans to work.

On July 5, 2004, Smith was no longer employed at the furniture store. Barton exited the store at 9:00 a.m. on that date to make the store's bank deposit, as she did every day. After departing the store, a car containing two men approached Barton, and one man wearing a mask exited the car and pointed a gun at her. Barton immediately noticed that her assailant was wearing neatly-pressed jeans. She then threw the bank deposit into the air, and the assailant grabbed it, as Barton retreated back into the store.

Following the incident, Barton described her assailant and his car to police, and, although she did not immediately tell police that Smith was the robber, she did identify Smith to some of her co-workers and a security officer. Barton later informed police that she knew that Smith had robbed her. Thereafter, Smith was arrested and convicted of robbery by intimidation. This evidence was sufficient to support Smith's conviction. See *Jackson v. Virginia.*[1]

1. Smith contends that the trial court erred by admitting testimony by Officer Bean of prior robbery investigations in Gwinnett County. He contends that his character was placed in evidence by this testimony. We disagree.

The record shows that, in response to questions from the State about his investigation of Smith, the investigating officer testified that he became suspicious of Smith's involvement based on his knowledge of prior robberies which he linked to Smith by the descriptions of the car involved and the perpetrators, the modus operandi, and masks. In particular, the officer testified that Barton's description of the robbery and her assailant made him suspect that Smith had been involved based on similarities with certain prior cases he had investigated.

Given the nature of this line of questioning regarding the officer's investigation of the defendant, Smith's contention that his character was improperly placed into evidence lacks merit.

> Evidence which incidentally puts character in issue may be admitted if otherwise relevant. The evidence at issue here was relevant to explain why the [officer decided to investigate Smith]. That the evidence showed that Jones [had committed similar crimes which piqued the officer's suspicions] does not change the result here. Testimony explaining

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the reason for appellant's arrest need not be excluded simply because it incidentally shows the commission of another crime.

(Citations and punctuation omitted.) *Jones v. State.*[2] Accordingly, Smith's contention in this regard lacks merit.

2. Smith contends that the trial court erred by admitting certain hearsay statements regarding his alibi. Specifically, he argues that the investigating officer on his case should not have been allowed to testify that his investigation revealed that Smith was not with his girlfriend at the time of the robbery.

Contrary to Smith's vociferous arguments otherwise, the investigating officer's conclusion in this instance simply does not qualify as hearsay. The officer was asked merely whether, during the course of his investigation, he learned that Smith was not with his girlfriend at the time of the robbery. The officer answered affirmatively. The officer was not asked to repeat the testimony of an out-of-court declarant. As such, no hearsay was elicited, and Smith's contention fails.

3. Smith contends that the trial court erred by limiting his cross-examination of Barton. Specifically, Smith argues that he should have been able to ask Barton whether she had been worried that the police considered her to be a suspect during their investigation of the robbery. The trial court, however, determined that this line of questioning was irrelevant.

"[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." *O'Neal v. State.*[3]

Nothing in the record before us supports Smith's pure speculation that Barton might have considered herself a suspect at any time during the investigation. Therefore, Smith had no basis for asking Barton the line of questions he wished, and the trial court did not abuse its discretion by preventing such questioning based on its lack of relevance.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED AUGUST 1, 2005.

*David L. Whitman*, for appellant.

---

[2] *Jones v. State*, 268 Ga. App. 246, 249 (2) (601 SE2d 763) (2004).
[3] *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985).

*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.