## S12A0885. BREEDLOVE v. THE STATE.
(728 SE2d 643)

THOMPSON, Justice.

Appellant Rick Ray Breedlove was convicted of malice murder and possession of a firearm during the commission of a felony in connection with the shooting death of Pamela Spencer.[1] He appeals, asserting, inter alia, the trial court erred in admitting statements the victim made to a police investigator on the day she was murdered. Finding no error, we affirm.

Viewing the evidence in a light favorable to the verdict, we find the following: Police found Breedlove and his girlfriend, the victim, at the victim's house. The victim was dead, having sustained a gunshot through her hand and into the back of her head. Gunpowder stippling on the victim's hand indicated she had been shot from "medium range." Breedlove was on the floor, propped against a wall. He was suffering from a gunshot to the mouth, but was responsive. A pistol was on the floor, only inches from Breedlove's right hand. The victim purchased the pistol approximately one month before she was shot. There was no evidence of forced entry into the home; however, the door to the master bathroom appeared to have been forced open.

The victim told friends that Breedlove was controlling, jealous and ill tempered; that he threatened to kill her and her dogs; that she was afraid of him; and that he would track her down wherever she

---

[1] Breedlove shot and killed the victim on November 6, 2007. The grand jury indicted Breedlove on March 3, 2008, and charged him with malice murder, two counts of felony murder, two counts of aggravated assault, and five counts of possession of a firearm during the commission of a felony. Trial commenced on October 10, 2009, and the jury returned its verdict on October 20, 2009, finding Breedlove guilty of all counts. The trial court sentenced Breedlove on October 22, 2009, to life in prison for malice murder and five years (consecutive) on one of the firearm possession counts. The remaining counts were vacated and merged under *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Breedlove's timely filed motion for new trial was denied on October 6, 2011. Breedlove filed a notice of appeal on November 1, 2011. The appeal was docketed to the April 2012 term of this Court and submitted for a decision on the briefs.

went. She also told them that she wanted to end the relationship, but he did not want to; and that she purchased the pistol because she was afraid of him.

Police discovered a handwritten document at the scene. Written to resemble a contract, the document read, in part:

> I, Pam Spencer, and I, Rick Breedlove, hereby swear and vow upon our sacred love to give our love a chance to grow and blossom into the most wonderful and loving relationship that it can be and to learn from the past and make our relationship stronger from it. And to strive to be considerate toward each other and to be nice to one another and to . . . respect one another and to help each other . . . and we promise to work together as a team . . . . And if either one feels that at any time these laws or rules or agreements have been broken they will come together and discuss the situation . . . calmly and peaceably and agree to apologize or compromise or both. If this cannot be accomplished we agree to break up.

The victim did not sign the document; however, it was signed by Breedlove and dated November 6, 2007, the day of the murder.

1. The evidence was sufficient to enable any rational trier of fact to find Breedlove guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to Breedlove's assertion, the evidence was not insufficient because his fingerprints could not be found on the murder weapon.

2. Breedlove asserts the trial court erred in admitting statements the victim made to Investigator Howard on the day of the murder because they were testimonial in nature. See *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). The investigator was a friend of a friend of the victim. He was employed by the sheriff's department as a special investigator with the narcotics team. The victim contacted him and asked to speak with him. The victim, the investigator, and the mutual friend met in the parking lot of a church. The victim told the investigator that Breedlove threatened her and she feared for her life. She added that Breedlove was becoming more and more angry and aggressive. The investigator suggested that the victim go to the authorities and file a written report. The victim responded that she was afraid to do that because Breedlove warned her against it. We find no error in the admission of this evidence.

Generally, statements made to a police officer in response to the officer's questions that are reflective of past events during a time when there is no longer an ongoing emergency are testimonial and

inadmissible because they violate the confrontation clause. *Pope v. State*, 286 Ga. 1, 5 (685 SE2d 272) (2009); *Wright v. State*, 285 Ga. 57, 60 (673 SE2d 249) (2009). Here, however, the victim was not reporting a crime to a policeman; she was not attempting to build a case against Breedlove; she was merely seeking advice from a knowledgeable friend, who happened to be a policeman, as to what she should do in a difficult situation. See *Cuyuch v. State*, 284 Ga. 290, 292, n. 8 (667 SE2d 85) (2008), citing Robert P. Mosteller, Softening the Formality and Formalism of the "Testimonial" Statement Concept, 19 Regent U. L. Rev. 429 (2006-2007) (it is appropriate to focus on intent of declarant in determining whether statement is testimonial). The victim's statements were not made during the course of an ongoing investigation; they were not made with intent to prove past events pertaining to a subsequent criminal prosecution. Thus, the statements were not testimonial. See *Davis v. Washington*, 547 U. S. 813, 822 (126 SC 2266, 165 LE2d 224) (2006) (statements are testimonial when the primary purpose is to establish past events potentially relevant to later criminal prosecution).

3. Breedlove asserts trial counsel was ineffective for failing to object to the statements the victim made to Investigator Howard on hearsay grounds. However, even if it can be said that trial counsel rendered ineffective assistance in this regard, Breedlove cannot prove "that there is a reasonable probability that the trial result would have been different if not for the deficient performance." (Citation and punctuation omitted.) *Wilson v. State*, 286 Ga. 141, 143 (3) (686 SE2d 104) (2009). That is because the statements made to Investigator Howard were cumulative of other statements the victim made to her friends. See *Brown v. State*, 268 Ga. App. 24, 27-28 (2) (601 SE2d 405) (2004) ("the exclusion of what clearly would have been cumulative evidence was certainly harmless"). (Punctuation and footnote omitted.)

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 18, 2012.

*Eric J. Taylor*, for appellant.

*W. Kendall Wynne, Jr.,* District Attorney, *Melanie M. Bell,* Assistant District Attorney, *Samuel S. Olens,* Attorney General, *Paula K. Smith,* Senior Assistant Attorney General, *Dana E. Weinberger,* Assistant Attorney General, for appellee.