**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 15, 2012**

# In the Court of Appeals of Georgia

A12A1279. PATE v. THE STATE.                                    DO-049 C

DOYLE, Presiding Judge.

Donyell Pate appeals from the denial of his amended motion for new trial following his conviction by a jury for selling cocaine.[1] Pate contends that (1) there was insufficient evidence to establish that the substance he sold was cocaine; (2) he received ineffective assistance of counsel; and (3) the trial court erred by imposing certain conditions of parole. For the reasons that follow, we affirm the conviction but vacate the sentence and remand for resentencing.

Construed in favor of the verdict,[2] the evidence shows that in April 2008, an officer with a police department narcotics task force conducted a controlled narcotics

---

[1] OCGA § 16-13-30 (b).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

purchase using a paid informant. Prior to the operation, the informant was searched and fitted with a hidden audio and video recorder. The informant arranged a meeting with Pate and, using the funds provided by police, purchased crack cocaine from Pate while police watched from a nearby location, monitoring the conversation between Pate and the informant. After the purchase, the informant met officers at a pre-arranged location, and police recovered the cocaine and bagged it for submission to the crime lab. After it was transported to an evidence locker, an officer field tested the substance, which was positive for cocaine. A forensic chemist also testified at trial, confirming the identity of the cocaine.

A jury found Pate guilty of one count of selling cocaine, and the trial court denied his amended motion for new trial. Pate now appeals.

1. Pate contends that the State failed to prove that the substance was cocaine because it relied on alleged hearsay testimony by a Georgia Bureau of Investigation forensic chemist who testified as to the chemical identity of the cocaine based on her review of a lab report prepared by a colleague at the GBI lab. Pretermitting the merit of Pate's argument, we note that the State also introduced, without objection, evidence of an independent field test identifying the purchased substance as cocaine.

"[A] chemical field test alone is sufficient to support a conviction for selling or possessing cocaine,"[3] so this enumeration presents no basis for reversal.

2. Pate also contends that he received ineffective assistance of trial counsel on several grounds. Under *Strickland v. Washington*,[4] to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[5] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[6] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[7] In reviewing the trial court's decision, "[w]e

---

[3] (Citations and punctuation omitted.) *Fortune v. State*, 304 Ga. App. 294, 299 (2) (696 SE2d 120) (2010).

[4] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] See id. at 687-688, 694 (III) (A)-(B).

[6] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[7] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State,* 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

3

accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[8]

(a) Pate argues his trial counsel should have objected to the admission of the forensic chemist's testimony on Sixth Amendment Confrontation Clause grounds.[9] But as we concluded in Division 1, this testimony was cumulative of other admitted evidence showing the identity of the cocaine. Therefore, even if the forensic chemist's testimony was inadmissible, Pate cannot meet his burden of showing that there is a reasonable probability that the trial result would have been different if his trial counsel had objected.[10]

---

[8] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[9] See, e.g., *Melendez-Diaz v. Massachusetts*, 557 U. S. 305, 309-310 (129 SC 2527, 174 LE2d 314) (2009). See also *Williams v. Illinois*, __ U. S. __, (132 SC 2221, 183 LE2d 89) (2012); *Bullcoming v. New Mexico*, __ U. S. __, (131 SC 2705, 180 LE2d 610) (2011), both of which were decided after the November 2009 trial in this case. We need not decide the Confrontation Clause issue based on the facts presented, but we note that "in making litigation decisions, there is no general duty on the part of defense counsel to anticipate changes in the law, and that only in a rare case would it be ineffective assistance by a trial attorney not to make an objection that would be overruled under prevailing law." (Footnotes and punctuation omitted.) *Rickman v. State*, 277 Ga. 277, 279-280 (2) (587 SE2d 596) (2003).

[10] See *Breedlove v. State*, 291 Ga. 249, 251 (3) (728 SE2d 643) (2012) (trial counsel's failure to exclude cumulative evidence cannot support a claim of ineffective assistance of counsel).

(b) Pate next argues that his trial counsel should have objected to the admission of the chemical field test of the cocaine because the State failed to demonstrate the field test's reliability under *Harper v. State*.[11] That case provides "that it is proper for the trial judge to decide whether the procedure or technique in question has reached a scientific stage of verifiable certainty, [i.e.], whether the procedure 'rests upon the laws of nature.'"[12]

> [O]nce a procedure has been recognized in a substantial number of courts, a trial judge may judicially notice, without receiving evidence, that the procedure has been established with verifiable certainty, or that it rests upon the laws of nature. Hence, if a scientific procedure or technique is not novel, and has been widely accepted in Georgia courts, the trial court is entitled to take judicial notice that the procedure or technique meets the *Harper* standard for admissibility.[13]

> This Court has applied these principles to field testing of cocaine and noted that chemical field tests of suspected cocaine are not novel, and have been widely accepted in Georgia courts. Indeed, in prior cases involving

---

[11] 249 Ga. 519, 525-526 (1) (292 SE2d 389) (1982) (affirming the exclusion of expert testimony regarding the defendant's statements made while under the influence of "truth serum").

[12] Id. at 525 (1).

[13] (Citation and punctuation omitted.) *Fortune*, 304 Ga. App. at 298-299 (2).

such chemical field testing, we have expressly stated that we have found no case where the results of a chemical field test have been held inadmissible, and instead have indicated that the proper trial procedure is to admit the chemical field test results and then allow for a thorough and sifting cross-examination by defense counsel as to the reliability of the testing technique, as occurred in the present case.[14]

Despite this precedent, Pate argues that the particular field test used in this case, the "NarcoPouch," was not admissible under *Harper*. But at the motion for new trial hearing, Pate failed to demonstrate whether or how it differs from the chemical field testing generally accepted in Georgia. For example, Pate did not show that the NarcoPouch is not based on scientific principles or the laws of nature, or that its methods lacked verifiable certainty. Under *Strickland*, it was Pate's burden to demonstrate the harm caused by his counsel's representation, and absent such a showing, this ground presents no basis for reversal.[15]

(c) Pate next argues that his trial counsel performed deficiently by failing to object to testimony from the narcotics officer that Pate was the target of the drug

---

[14] (Citations and punctuation omitted.) Id. at 299 (2).

[15] See *Gonzalez v. State*, 310 Ga. App. 348, 350 (1) (714 SE2d 13) (2011) ("In the ineffective assistance context, the burden is upon the defendant to prove actual prejudice affirmatively from the record," even if prejudice normally would be presumed) (punctuation omitted).

6

investigation because he had received "a number of complaints on" Pate. Pate contends that this testimony impermissibly placed his character at issue.[16] But the testimony was offered in response to the State's question as to the origin and target of the undercover operation.

> Evidence [that] incidentally puts character in issue may be admitted if otherwise relevant. The evidence at issue here was relevant to explain why the officer decided to investigate [Pate]. That the evidence showed that [Pate] had [allegedly] committed similar crimes which piqued the officer's suspicions does not change the result here. Testimony explaining the reason for [the investigation] need not be excluded simply because it incidentally shows the commission of another crime.[17]

Accordingly, because the testimony at issue was admissible, trial counsel's failure to object to its admission does not support his claim on appeal.

---

[16] See OCGA § 24-2-2 ("The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.").

[17] (Punctuation omitted.) *Smith v. State*, 274 Ga. App. 852, 853-854 (1) (619 SE2d 358) (2005). See *Harrison v. State*, 313 Ga. App. 861, 864 (2) (722 SE2d 774) (2012) ("Evidence which incidentally puts character in issue may be admitted if otherwise relevant. The evidence at issue here was relevant to explain why the officers went to defendant's residence.") (punctuation omitted).

(d) Pate also argues that his trial counsel was ineffective when he elicited testimony from the narcotics officer that Pate had a prior arrest record in response to the question of how police discovered Pate's nickname, "Duke." Nevertheless, as explained by trial counsel at the motion for new trial hearing, the question was a part of his strategy to test the basis of the officer's belief that "Duke" was Pate's alias. Two witnesses had identified Pate as "Duke" and trial counsel was attempting to challenge the connection between Pate and Duke. When the officer mentioned the prior arrest record, trial counsel elected not to object and instead "felt it was a [better] trial strategy . . . to handle it in closing." The inquiry in an ineffective assistance claim "focuses on the reasonableness of counsel's conduct from counsel's perspective at the time of trial. Thus, the courts will not second-guess counsel's decisions concerning matters of trial strategy and tactics."[18]

(e) For similar reasons, Pate argues that his trial counsel should have objected to the State's one-time reference to his prior arrest record and the complaints police had received about Pate's prior drug dealing. But as noted above, the evidence was admissible, and Pate points to nothing in the record showing that this was not part of

---

[18] (Punctuation omitted.) *Smith v. State*, 261 Ga. App. 25, 27 (3) (581 SE2d 673) (2003).

his stated strategy to not object and instead emphasize the weaknesses of the State's case in his closing argument. In light of this, the audio and video recording of the transaction, and the testimony of the officer who watched from across the street Pate participate in the transaction, we conclude that trial counsel's failure to object to the State's one-time reference to the incidental character evidence is not cause for reversal.

3. Finally, Pate contends that the trial court erred in its sentencing by imposing special conditions of parole. As the State correctly concedes, this was error. Parole is a matter for the Executive Branch:

> any attempt by a court to impose its will over the Executive [Branch] by attempting to impose as a part of a criminal sentence conditions operating as a prerequisite of or becoming automatically effective in the event of a subsequent parole of defendant by the State Board of Pardons [and] Paroles would be a nullity and constitute an exercise of power granted exclusively to the Executive [Branch].[19]

Accordingly, we affirm the finding of guilt, but vacate the sentence and remand for resentencing.[20]

---

[19] (Punctuation omitted.) *Stephens v. State*, 305 Ga. App. 339, 346 (5) (a) (699 SE2d 558) (2010).

[20] See id. at 346-347 (5) (a).

*Judgment of conviction affirmed, sentence vacated, and case remanded for resentencing. Andrews and Boggs, JJ., concur.*