## S98A1631. DOWNS v. THE STATE.
### (509 SE2d 40)

HINES, Justice.

Downs pled guilty to malice murder on January 4, 1995. On May 4, 1998, seven terms of court later, he filed a document styled: "Petitioner Notice of Filing Motion for New Trial on Newly Discovered Evidence." The superior court treated this pleading as a motion to withdraw the guilty plea and dismissed it for lack of jurisdiction because it was out of term. Downs appeals and we affirm.

Downs contends the court should not have treated his pleading as a motion to withdraw a guilty plea but as an extraordinary motion for new trial. One who has entered a plea of guilty cannot move for a new trial, as there was no trial. *Lamons v. State,* 170 Ga. App. 745 (318 SE2d 509) (1984). Thus, even had the court treated the pleading as Downs suggests, the motion was correctly dismissed. There was no error in treating the pleading's substance as a motion to withdraw a guilty plea. See *Stevens v. State,* 169 Ga. App. 646 (314 SE2d 481) (1984).

So treated, the court correctly dismissed the motion. The court's jurisdiction to consider a motion to withdraw a guilty plea ended with the September 1994 term of court in which the judgment of conviction was rendered, and without jurisdiction the motion must be dismissed. *Foskey v. State,* 232 Ga. App. 303, 304 (501 SE2d 856) (1998). "[I]t is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings." (Punctuation omitted.) Id. at 303.

*Judgment affirmed. All the Justices concur.*

Clarence N. Downs, *pro se.*

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.