## S02A0103. DAVIS v. THE STATE.
### (561 SE2d 119)

THOMPSON, Justice.

This case is before the court from the denial of a motion to withdraw a guilty plea filed outside the term of court in which it was entered. We hold that the trial court was without jurisdiction to entertain the untimely motion and that the appellant was not entitled to the relief sought.

Donald L. Davis was indicted on charges of malice murder, felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime in connection with the shooting death of Shereka Smith. After initially entering pleas of not guilty to all counts, Davis changed his plea to guilty of one count of malice murder and he was sentenced to life in prison; the remaining counts of the indictment were placed on the dead docket. More than a year after sentencing, Davis filed a motion to withdraw his guilty plea, asserting among other claims, that he was denied effective assistance of counsel during the plea proceedings, which rendered his plea involuntary.

"It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998). Davis was sentenced on April 25, 2000; his motion to withdraw was filed on May 9, 2001, after four terms of court had passed. See OCGA § 15-6-3 (40.1) (C). The only means available to Davis to withdraw his guilty plea is through habeas corpus proceedings. *Downs v. State*, 270 Ga. 310 (509 SE2d 40) (1998); *Henry*, supra.

Because Davis' motion to withdraw the plea was brought against the State in the county of conviction, rather than against the warden

in the county in which he is incarcerated, it cannot be treated as a habeas corpus petition. See OCGA § 9-14-43; *Worle v. State*, 227 Ga. App. 575 (489 SE2d 374) (1997); *Jarrett v. State*, 217 Ga. App. 627 (458 SE2d 414) (1995). Nor can it be characterized as an extraordinary motion for new trial. "One who has entered a plea of guilty cannot move for a new trial, as there was no trial." *Downs*, supra at 310.

It follows that the trial court was without jurisdiction to entertain Davis' claims and his pleadings should have been dismissed. Id. Since Davis was not entitled to the relief sought, the judgment below will be affirmed. See *Henry*, supra; *Worle*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002.

Donald L. Davis, *pro se.*
*Richard G. Milam, District Attorney, Paul E. Hemmann, Assistant District Attorney,* for appellee.