A03A2019. MARTIN v. THE STATE.
(596 SE2d 705)

Barnes, Judge.

Bruce Martin appeals his conviction of theft by taking a motor vehicle. He contends the trial court erred by denying his motion to modify an illegal sentence. His allegation is based on the court allegedly sentencing him to a felony sentence when the indictment failed to allege a value of the motor vehicle, and because his trial defense counsel was ineffective. Finding no reversible error, we affirm.

The record shows that pursuant to a negotiated plea, Martin pled guilty to theft by taking, and he was sentenced to ten years in confinement on November 12, 2001. The other charges pending against him were nolle prossed. On September 19, 2002, Martin filed a motion to modify his sentence. On its face, the motion only asserted that the sentence was harsh, would not be in the best interest of Martin or society, and would be detrimental to both. The brief in support of Martin's motion, however, expanded on these grounds to allege that his sentence was void and illegal because the court entered a felony sentence on what was only a misdemeanor charge, as no value of the stolen car was alleged in the indictment. Martin also alleged that, within 30 days after his sentence, he asked his court-appointed attorney to appeal the illegal sentence and to move to withdraw his guilty plea, but this was never done.

1. The indictment in this case charged Martin with theft by taking in violation of OCGA § 16-8-2 by unlawfully taking a motor vehicle, the property of another, with the intention of unlawfully depriving the owner of his property. Although OCGA § 16-8-2 defines the crime of theft by taking, the punishment for this crime is set out in OCGA § 16-8-12. This latter Code section specifies that one convicted of theft by taking would be punished as for a misdemeanor except when the property taken was a motor vehicle. OCGA § 16-8-12 (a) (5) (A). This section provides that one who takes a motor vehicle "shall be punished by imprisonment for not less than one year nor more than 20 years." Accordingly, Martin was not sentenced to an

illegal sentence and the trial court did not err by denying his motion to correct a void sentence.

2. Even if viewed as a motion to withdraw his guilty plea, the trial court also did not err by denying Martin's motion because the court had no jurisdiction to consider such a motion.

> "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998). [Martin] was sentenced on [November 12, 2001]; his motion to withdraw was filed on [September 19, 2002], after [several] terms of court had passed. See OCGA § 15-6-3 [(13) (B)]. The only means available to [Martin] to withdraw his guilty plea is through habeas corpus proceedings. *Downs v. State*, 270 Ga. 310 (509 SE2d 40) (1998); *Henry*, supra.

*Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002). Further,

> [b]ecause [Martin's] motion to withdraw the plea was brought against the State in the county of conviction, rather than against the warden in the county in which he is incarcerated, it cannot be treated as a habeas corpus petition. Nor can it be characterized as an extraordinary motion for new trial. One who has entered a plea of guilty cannot move for a new trial, as there was no trial.

(Citations and punctuation omitted.) Id. at 865-866. Martin would be authorized to challenge the effectiveness of his defense counsel in those proceedings.

Therefore the trial court was without jurisdiction to consider this part of the motion and properly dismissed it. Because Martin was not entitled to the relief he sought, the judgment below is affirmed. *Davis v. State*, supra, 274 Ga. at 866.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 10, 2004.

Bruce Martin, *pro se.*

Denise D. Fachini, *District Attorney*, Cheri L. Nichols, *Assistant District Attorney*, for appellee.