## A04A1565. REESE v. THE STATE.
(603 SE2d 685)

ELDRIDGE, Judge.

Browrick G. Reese was charged with the offenses of armed robbery, kidnapping, aggravated assault, and possession of a firearm during the commission of a crime for events that occurred on October 3, 2000, during an armed robbery of the Family Dollar Store located in the Forrest Mart shopping center in Douglas County. On October 22, 2001, Reese entered a guilty plea to all counts and received a combined sentence of 30 years, to serve 18 years in confinement, with the balance of the sentence to be served on probation. One of the conditions of probation was that Reese testify in co-defendant John Nashid's trial. At Nashid's trial, Reese refused to take the stand and testify. Based on his refusal, the trial court revoked two years of the probationary portion of his sentence on July 31, 2002. On December 29, 2003, Reese filed a motion to withdraw his guilty plea arguing that his plea was involuntary because he received ineffective assistance of counsel. On February 4, 2004, the trial court entered an order denying Reese's motion because the trial court was without jurisdiction to permit a defendant to withdraw his guilty plea outside of the term of court in which it was entered. Pro se, Reese appeals from this order. Finding no error, we affirm.

" 'It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea.' *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998)." *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002). The Douglas County Superior Court has two terms of court each year beginning on the second Monday in April and October. OCGA § 15-6-3 (15.1). Reese was sentenced on October 21, 2001; his motion to withdraw was filed on December 29, 2003. "The only means now available to [Reese] for challenging the guilty pleas he entered in [2001] is through a petition for writ of habeas corpus. [Cits.]" *Orr v. State*, 276 Ga. 91, 93 (2) (575 SE2d 444) (2003).

> Because [Reese's] motion to withdraw the plea was brought against the State in the county of conviction, rather than against the warden in the county in which he is incarcerated, it cannot be treated as a habeas corpus petition. See OCGA § 9-14-43; *Worle v. State*, 227 Ga. App. 575 (489 SE2d 374) (1997); *Jarrett v. State*, 217 Ga. App. 627 (458 SE2d 414) (1995). Nor can it be characterized as an extraordinary motion for new trial. One who has entered a plea of guilty cannot move for a new trial, as there was no trial. *Downs [v. State*, 270 Ga. 310 (509 SE2d 40) (1998)].

(Punctuation omitted.) *Davis v. State*, supra at 865-866.

Since the trial court was without jurisdiction to entertain Reese's claims, his motion to withdraw his guilty plea should have been dismissed. As Reese was not entitled to the relief sought, the judgment below must be affirmed.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED AUGUST 12, 2004.

Browrick G. Reese, *pro se.*

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.