## A07A0263. NHEK v. THE STATE.
(645 SE2d 683)

MILLER, Judge.

On April 28, 1997, Reth David Nhek pled guilty to conspiracy to commit armed robbery, theft by taking, and possession of a firearm during the commission of a felony.[1] He appeals, pro se, contending that the trial court erred in denying his motion to withdraw guilty plea because his trial counsel was ineffective in failing to inform him of the opportunity to withdraw his guilty pleas before final sentencing. In the alternative, he contends that the trial court erred in accepting his guilty plea in that it was improvidently provided. Finding that the trial court lacked jurisdiction to hear Nhek's motion to withdraw guilty plea as filed outside the term of court in which he was sentenced, we vacate and remand with direction that the motion be dismissed.

1. Pretermitting whether Nhek received ineffective assistance of trial counsel for, among other things, counsel's alleged failure to advise him of his right to withdraw his guilty pleas prior to sentencing, a trial court lacks jurisdiction to allow a defendant to withdraw a guilty plea when the term of court in which the defendant was sentenced has expired. *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002).

The record shows that Nhek was sentenced in the Superior Court of Gwinnett County on June 23, 1997. The term of court in which the defendant was sentenced expired on July 6, 1997. OCGA § 15-6-3 (20). Nhek filed his motion to withdraw guilty plea on June 8, 2006. That Nhek's motion to withdraw guilty plea thus was untimely filed, the trial court lacked jurisdiction to consider the substantive issues raised in the motion. Accordingly, the order appealed from is vacated as a nullity and void, and the trial court is directed to dismiss the motion.[2]

2. In light of our disposition of Division 1, we need not reach Nhek's remaining claim of error.

*Judgment vacated and case remanded with direction. Barnes, C. J., and Smith, P. J., concur.*

---

[1] Following his pleas of guilty, Nhek was tried before a jury and found not guilty of malice murder and guilty of felony murder, respectively, as to his victim, Rebecca Morgan. On June 1, 1999, the Supreme Court of Georgia affirmed the trial court's denial of Nhek's motion for new trial. See *Nhek v. State*, 271 Ga. 245, n. 1 (517 SE2d 521) (1999).

[2] Nhek's sole remedy is by habeas corpus proceedings. *Foskey v. State*, 232 Ga. App. 303 (501 SE2d 856) (1998). Here, however, such a proceeding was foreclosed since the instant action was brought against the State in the county of conviction rather than against the warden in the county in which he is confined. *Davis*, supra, 274 Ga. 865-866.

DECIDED APRIL 27, 2007.

Reth D. Nhek, *pro se.*

*Daniel J. Porter, District Attorney, John A. Warr, Assistant District Attorney*, for appellee.