## A11A0677. RHONE v. THE STATE.
### (712 SE2d 601)

MILLER, Presiding Judge.

Kenny Rhone entered a negotiated plea of guilty to two counts of aggravated stalking (OCGA § 16-5-91 (a)) on August 16, 2010. On September 13, 2010, after a new term of court had commenced, Rhone filed a document entitled "Withdrawal of Plea," asserting ineffective assistance of counsel and requesting that the trial court withdraw his plea. The trial court treated this document as a motion to withdraw the guilty plea and dismissed it for being untimely filed outside the term of court. Rhone appeals, raising several grounds allegedly entitling him to withdraw his plea We find that the trial court was without jurisdiction to entertain Rhone's untimely motion to withdraw the plea and affirm.

"It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea[,] the trial court lacks jurisdiction to allow the withdrawal of the plea." (Citation and punctuation omitted.) *Davis v. State*, 274 Ga. 865, 865 (561 SE2d 119) (2002). "[A]fter the expiration of the term . . . the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings."[1] (Citation and punctuation omitted.) *Downs v. State*, 270 Ga. 310, 310 (509 SE2d 40) (1998).

Here, the record shows that Rhone was sentenced on August 16, 2010, in the Superior Court of DeKalb County, Stone Mountain Circuit. An amended sentence was entered on August 25, 2010. Pursuant to OCGA § 15-6-3 (37), Rhone's sentencing occurred during the July term of court. See OCGA § 15-6-3 (37) ("The terms of court for the superior courts for each of the judicial circuits shall commence as follows: . . . STONE MOUNTAIN CIRCUIT: DeKalb County — First Monday in January, March, May, July, September,

---

[1] Although Rhone does not make this argument on appeal, we note that his motion to withdraw the plea cannot be treated as a habeas corpus petition, as his motion was brought against the State in the county of conviction rather than against the warden in the county in which Rhone is incarcerated. See *Davis*, supra, 274 Ga. at 865-866.

and November."). Accordingly, the trial court's jurisdiction to consider Rhone's motion to withdraw a guilty plea ended with the July 2010 term of court in which the judgment of conviction was entered. See *Downs*, supra, 270 Ga. at 310.

It was on September 13, 2010, after a new term of court had commenced, see OCGA § 15-6-3 (37), that Rhone filed his motion to withdraw the guilty plea. Thus, the trial court lacked jurisdiction to consider the merits of Rhone's claims, and his motion was properly dismissed. Accord *Martin v. State*, 266 Ga. App. 190, 191 (596 SE2d 705) (2004).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 20, 2011.

Kenny Rhone, *pro se.*

R. Javoyne Hicks White, District Attorney, Jessica K. Rock, Assistant District Attorney, for appellee.