297 Ga. 349
FINAL COPY

S15A0588. HUMPHREY v. THE STATE.

BLACKWELL, Justice.

In July 1998, Jamel Humphrey negotiated a plea agreement with the State, entered a plea of guilty but mentally ill, was convicted of murder upon his plea, and was sentenced to a term of imprisonment for life with the provision that he would be eligible for parole, but only after he served 25 years of his sentence. Almost sixteen years later, Humphrey filed a motion to vacate his sentence, alleging that the sentence is void because murder is punishable only by death, imprisonment for life without any possibility of parole ever, or imprisonment for life with the possibility of parole at the earliest point permitted by law, which would have been, in Humphrey's case, after fourteen years.[1] The trial court denied his motion, and Humphrey appeals. For the reasons that follow, we reverse the judgment of the trial court and remand the case with direction.

---

[1] At the time Humphrey committed his crime, and at the time he was sentenced, the law provided that a person serving a life sentence with the possibility of parole for murder would be eligible for parole only after serving fourteen years. See Ga. L. 1994, p. 1959, § 11 (former OCGA § 17-10-6.1 (c) (1)). The law now provides that such a person generally is eligible for parole after serving 30 years. See OCGA § 17-10-6.1 (c) (1).

To begin, we agree with Humphrey that the law only authorized the trial court to sentence him to death, imprisonment for life without any possibility of parole ever, or imprisonment for life with the possibility of parole as soon as permitted by law. See OCGA § 16-5-1 (e) (1). The applicable law offered the trial court no other sentencing options. It is true that Humphrey consented to his sentence, including the provision that he would be ineligible for parole for the first 25 years of that sentence. But when a court imposes a criminal punishment that the law does not allow, the sentence is not just an error, it is void. See Crumbley v. State, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) ("A sentence is void if the court imposes punishment that the law does not allow." (Citation omitted.)). And as we have indicated in a number of cases, the consent of the parties cannot validate a void sentence. See, e.g., Moore v. State, 293 Ga. 705, 706 (1) (749 SE2d 660) (2013) ("[A] defendant who knowingly enters into a plea agreement and accepts the benefit of that bargain does not waive or 'bargain away' the right to challenge an illegal and void sentence." (Citations omitted.)); Bell v. State, 294 Ga. 5, 8 (2) (749 SE2d 672) (2013) ("A defendant who knowingly enters into a plea agreement does not waive the right to challenge an illegal and void sentence." (Citation omitted.)); von Thomas v.

2

State, 293 Ga. 569, 573 (2) (748 SE2d 446) (2013) ("[A] sentence which is not allowed by law is void, and its illegality may not be waived." (Citations, punctuation and emphasis omitted.)); Nazario v. State, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013) ("Void convictions and illegal sentences have never been subject to general waiver rules.").

These principles seem especially sound when applied to a sentence that purports to limit eligibility for parole in a way that is not authorized by statutory law. By imposing such a sentence, a court intrudes upon the constitutional prerogative of the State Board of Pardons and Paroles to extend clemency to persons under sentence. See Ga. Const. of 1983, Art. IV, Sec. II, Par. II (a) ("[T]he State Board of Pardons and Paroles shall be vested with the power of executive clemency, including the powers to grant reprieves, pardons, and paroles . . . ."). Although the Constitution permits the General Assembly by statute to limit this prerogative in certain respects, see Ga. Const. of 1983, Art. IV, Sec. II, Par. II (b), (c), the Constitution gives the courts no such authority. For that reason, a judicial incursion upon the constitutional prerogative of the Board "violates the constitutional provision regarding the separation of powers." Terry v. Hamrick, 284 Ga. 24, 25 (2) (663 SE2d 256) (2008). And whatever the

3

prosecuting attorneys and defendant in a criminal case might agree to, they cannot simply by agreement confer upon the judicial branch an extraconstitutional power to limit the constitutional prerogatives of another branch of the government. See Perez v. State, 254 Ga. App. 872, 873 (1) (564 SE2d 208) (2002) ("The authority to grant parole or other relief from the sentence imposed by the trial court rests with the State Board of Pardons & Paroles, not the district attorney's office." (Citation omitted.)). To the extent that we held otherwise in Baker v. State, 284 Ga. 280, 281 (2) (663 SE2d 261) (2008), we overrule that decision.

The sentence that the trial court imposed in this case is void to the extent that it purports to limit the power of the Board to parole Humphrey as soon as the statutory law permits. That provision of the sentence — but only that provision — must be vacated. See Bell, 294 Ga. at 8 (2) ("When a defendant is sentenced in a murder case to life imprisonment plus probation, only the portion of the sentence imposing probation is invalid." (Citation omitted.)). Accordingly, we reverse the denial of the motion to vacate the sentence, and we remand for the trial court to vacate the provision of the sentence that purports

4

to limit Humphrey's eligibility for parole.[2] See Terry, 284 Ga. at 25 (2); Brown

v. State, 246 Ga. 251, 253 (5) (271 SE2d 163) (1980).

Judgment reversed and case remanded with direction. All the Justices

concur.

_____

[2] In his plea agreement, Humphrey not only consented to the imposition of a sentence that purports to limit the power of the Board to parole him, he also promised that he would not seek parole for 25 years. No one should misunderstand our decision as holding that his promise not to seek parole is unenforceable. When a defendant promises the State that he will not ask for parole, his promise is a personal one. It does not require a court to do anything, and it does not purport to limit the constitutional power of the Board. If Humphrey breaks his promise and applies to the Board for parole before he has served 25 years, the State may ask the Board itself or a court to enforce the promise. We express no opinion today about the availability of a remedy for the State, but our decision does not foreclose the possibility of such a remedy.

Decided June 15, 2015.

Murder. Clarke Superior Court. Before Judge Stephens.

Jamel Humphrey, <u>pro se.</u>

<u>Kenneth W. Mauldin, District Attorney; Samuel S. Olens, Attorney, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General</u>, for appellee.