In the Supreme Court of Georgia

Decided: June 6, 2016

S16A0197.  HUMPHREY v. THE STATE.

HUNSTEIN, Justice.

Appellant Jamel Humphrey appeals the trial court's denial of his motion to withdraw guilty plea.  For the reasons set forth below, we conclude that the trial court lacked jurisdiction to entertain Humphrey's motion, and thus, rather than denying the motion, the trial court should have dismissed it.  We therefore vacate the judgment below and remand for the trial court to dismiss the motion.

In July 1998, Humphrey pled guilty to murder and was sentenced to life in prison.  Pursuant to his plea agreement with the State, the trial court's sentencing order provided that Humphrey would be eligible for parole, but only after serving 25 years of his sentence.  A decade and a half later, Humphrey moved to vacate his sentence, and the trial court denied the motion.  On appeal, this Court reversed and remanded, holding that the sentencing court had lacked the authority to impose limitations on parole eligibility that conflicted with those

prescribed by statute, and thus concluding that "[t]hat provision of the sentence – but only that provision – must be vacated." Humphrey v. State, 297 Ga. 349, 351 (773 SE2d 760) (2015) ("Humphrey I").

Subsequent to the entry of our opinion but prior to our issuance of the remittitur, Humphrey filed a motion to withdraw his guilty plea. After the remittitur issued, the trial court entered an order vacating "only that portion of Humphrey's sentence that purports to limit Humphrey's eligibility for parole." The trial court thereafter summarily denied Humphrey's motion to withdraw. Humphrey now appeals, contending that, after this Court directed that his sentence be partially vacated, he had the right to withdraw his plea in its entirety at any time before the trial court re-sentenced him. We disagree.

1. OCGA § 17-7-93 (b) affords a criminal defendant the right to withdraw his guilty plea "[a]t any time before judgment is pronounced." We have construed this language to mean that withdrawal is permitted as a matter of right at any time before the trial court orally pronounces a defendant's sentence. See Germany v. State, 246 Ga. 455 (1) (271 SE2d 851) (1980). Once the sentence has been pronounced, the defendant loses the absolute right to withdraw his plea, though he may still seek to withdraw, within the trial court's discretion,

where "necessary to correct a manifest injustice." USCR 33.12 (A); see also State v. Evans, 265 Ga. 332 (3) (454 SE2d 468) (1995); Germany, 246 Ga. at 455. Importantly, however, such a motion must be filed within the term of court in which the defendant was sentenced under the plea, as the trial court lacks jurisdiction to entertain a motion to withdraw filed beyond the term of sentencing. See, e.g., Smith v. State, 283 Ga. 376 (659 SE2d 380) (2008) (affirming dismissal of out-of-term motion to withdraw).

Humphrey contends that the effect of Humphrey I was to invalidate his sentence, thereby restoring his status to that of a defendant who has pled guilty but not yet been sentenced and, in turn, restoring his absolute right to withdraw his plea under OCGA § 17-7-93 (b), without regard to the expiration of the term of his sentencing.[1] This position is based on the premise that, where a sentence entered on a plea is later adjudged to be void, "it is as if no sentence has been entered at all, and the defendant stands in the same position as if he had pled guilty and not yet been sentenced." Kaiser v. State, 285 Ga. App. 63, 66 (646 SE2d 84) (2007). See also Pierce v. State, 294 Ga. 842 (1) (755 SE2d 732)

[1]Humphrey was sentenced on his plea on July 31, 1998, and therefore the term of his sentencing expired in October 1998. See OCGA § 15-6-3 (42) (A) (prescribing terms of court in Clarke County).

3

(2014) (approving, in dicta, trial court's determination that defendant was entitled to withdraw pleas on certain counts as a matter of right after sentences on those counts were vacated). Assuming, without deciding, that this premise is sound,[2] we find that it is inapplicable here in any event, because Humphrey I invalidated only a discrete provision of Humphrey's sentence, expressly leaving all other provisions of his sentence intact and his plea thereon ineligible for withdrawal at this late stage. Humphrey v. State, 297 Ga. at 351 ("only that provision [limiting Humphrey's parole eligibility] . . . must be vacated"). See also Murray v. State, 314 Ga. App. 240 (723 SE2d 531) (2012) (vacating of sentences on some but not all counts did not render defendant's plea on remaining counts subject to withdrawal as a matter of right); Hallford v. State, 289 Ga. App. 350 (1) (657 SE2d 10) (2008) (invalidation of an illegal condition of defendant's probation did not render defendant's plea subject to withdrawal as a matter of right); Diaz v. State, 279 Ga. App. 134 (630 SE2d 618) (2006)

---

[2]As noted in Kaiser, there are two competing lines of authority regarding this issue, see id. at 65-68, and, while the Court of Appeals in its whole-court decision in Kaiser adopted the approach allowing the withdrawal of a plea following the vacating of the sentence thereon, this Court has apparently not squarely addressed the issue, apart from referring favorably to Kaiser in its dicta in Pierce. See Pierce, 294 Ga. at 843-844.

(invalidation of void sentence on aggravated child molestation count had no effect on separate sentence on rape count, and thus defendant not entitled to withdraw plea on rape count). Accordingly, Humphrey had no right to withdraw his plea; his out-of-term motion to withdraw was thus untimely; and the trial court therefore lacked jurisdiction to entertain the motion.

2. Humphrey also asserts in his appeal that his plea counsel rendered ineffective assistance, that his plea was not knowing and voluntary, and that the trial court erred in its re-sentencing order. Neither of the latter two claims were raised below, and both claims have thus been waived for appeal. See Barnes v. State, 291 Ga. 831, 833, n.2 (732 SE2d 752) (2012). As to Humphrey's ineffectiveness claims, to the extent they were not also waived, they cannot be decided by reference to the record, and therefore Humphrey's only avenue for recourse is an action for habeas corpus. See Pierce, 294 Ga. at 844.

Judgment vacated, and case remanded with direction. All the Justices concur.