In the Supreme Court of Georgia

Decided:   June 20, 2016

S16A0419. HAYWARD v. DANFORTH.

HINES, Presiding Justice.

This Court granted Dante Hayward's application for a certificate of probable cause to appeal the denial of his petition for a writ of habeas corpus, posing the single question of whether the habeas court erred in finding that the trial court's revocation of Hayward's parole was not a violation of the doctrine of separation of powers.  For the reasons that follow, we reverse.

On March 27, 2007, Hayward pled guilty to drug charges in two cases in the Superior Court of Screven County, and received an aggregate sentence of twenty-five years, with eight years to serve in prison, and seventeen years on probation.  Hayward was released on parole on February 19, 2009.[1]  On July 1, 2010, the State filed a petition to revoke Hayward's probation based on

---

[1] Although no order of the Board of Pardons and Paroles appears in the record, the habeas court specifically found that on "February 19, 2009, [Hayward] was released by the State Board of Pardons and Paroles," and the Warden concedes this to be the case in his brief to this Court.

allegations that on June 24, 2010, he was arrested and charged with three new criminal offenses. On July 26, 2010, after a hearing, the trial court revoked the balance of Hayward's aggregate sentence, calculating that the remaining time on his aggregate sentence was twenty years, three months, and eight days, which the court ordered Hayward to serve in the state penal system.

On July 19, 2013, Hayward filed a petition for a writ of habeas corpus in Telfair County asserting that in revoking the remaining portion of his original sentence while he was in the legal custody of the Board of Pardons and Paroles, the trial court violated the Georgia Constitution's provision regarding the separation of powers. See Ga. Const. of 1983, Art. I, Sec. II, Par. III.[2] And, this is correct.

The Constitution vests the Parole Board with executive powers, including the power to parole convicted prisoners. Ga. Const. of 1983, Art. IV, Sec. II, Par. II (a).[3] See *Humphrey v. State*, 297 Ga. 349, 350-351 (773 SE2d 760)

---

[2] Ga. Const. of 1983, Art. I, Sec. II, Par. III, reads:

The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided.

[3] Ga. Const. of 1983, Art. IV, Sec. II, Par. II (a) reads:

(2015); *Terry v. Hamrick*, 284 Ga. 24, 25 (2) (663 SE2d 256) (2008). A judicial attempt to control parole conditions "violates the constitutional provision regarding the separation of powers." *Terry*, supra. See also *Humphrey*, supra, holding that a trial court cannot, in a criminal sentence, purport to limit the power of the Board to grant parole in a manner not authorized by statute. Hayward had been granted parole by the Board and was in its legal custody until the expiration of his sentence, or until pardoned. OCGA § 42-9-42 (d) (1).[4] Thus, the habeas court erred in ruling that Hayward was not in the Board's legal custody, and thus further erred in finding no violation of the separation of powers provision of the Georgia Constitution.

Regarding the seventeen-year portion of Hayward's sentence that the trial court had originally specified to be served on probation, the habeas court noted that OCGA § 17-10-1 (a) (1) provides that the trial court may revoke probation

---

Except as otherwise provided in this Paragraph, the State Board of Pardons and Paroles shall be vested with the power of executive clemency, including the powers to grant reprieves, pardons, and paroles; to commute penalties; to remove disabilities imposed by law; and to remit any part of a sentence for any offense against the state after conviction.

[4] OCGA § 42-9-42 (d) (1) reads:

Any person who is paroled shall be released on such terms and conditions as the board shall prescribe. The board shall diligently see that no peonage is allowed in the guise of parole relationship or supervision. The parolee shall remain in the legal custody of the board until the expiration of the maximum term specified in his or her sentence or until he or she is pardoned by the board.

"even before the probationary period has begun."[5]  However, pretermitting any constitutional issue, OCGA § 17-10-1 (a) (4) specifically sets forth that "[n]o revocation of any part of a probated sentence shall be effective while a defendant is in the legal custody of the State Board of Pardons and Paroles."[6] Accordingly, the habeas court's denial of Hayward's petition for relief must be reversed.

Judgment reversed.  All the Justices concur.

---

[5] OCGA § 17-10-1 (a) (1) reads:

Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony, and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime. The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper, including service of a probated sentence in the sentencing options system, as provided by Article 9 of Chapter 8 of Title 42, and including the authority to revoke the suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court, even before the probationary period has begun, subject to the conditions set out in this subsection; provided, however, that such action shall be subject to the provisions of Code Sections 17-10-6.1 and 17-10-6.2.

[6] OCGA § 17-10-1 (a) (4) reads:

In cases of imprisonment followed by probation, the sentence shall specifically provide that the period of probation shall not begin until the defendant has completed service of the confinement portion of the sentence. No revocation of any part of a probated sentence shall be effective while a defendant is in the legal custody of the State Board of Pardons and Paroles.

4