DECIDED SEPTEMBER 12, 2016 —
RECONSIDERATION DENIED OCTOBER 17, 2016.

*Insley & Race, Terrance C. Sullivan; Amy E. Hutchens*, for appellant.

*Meriwether & Tharp, Todd A. Orston, Joann Brown-Williams*, for appellee.

S16A0602. ELLISON v. THE STATE.
(792 SE2d 387)

THOMPSON, Chief Justice.

Appellant James Ellison appeals the trial court's denial of his motion to correct void sentence. Under the controlling authority of *Humphrey v. State*, 297 Ga. 349 (773 SE2d 760) (2015), we reverse the judgment of the trial court and remand the case with direction to vacate that portion of Ellison's sentence which purports to limit his eligibility for parole in a manner not authorized by statutory law.

In September 1994, appellant pled guilty to malice murder and was sentenced to life in prison. Under the plea agreement, which was

expressly incorporated into appellant's sentencing order, appellant agreed that he would not apply for parole or other relief from imprisonment for at least 25 years and that he would not be considered for parole or released from confinement for any reason prior to the expiration of 25 years. In April 2015, appellant, acting pro se, filed a motion to correct void sentence, challenging the validity of such limitations on his ability to seek or be granted parole. The trial court summarily denied appellant's motion, and appellant initiated this appeal.

Less than a month after appellant filed his notice of appeal, this Court issued its opinion in *Humphrey v. State*, supra, in which we addressed the validity of a plea agreement containing a provision almost identical to that here. We held that, upon a conviction for murder, the trial court was authorized to impose one of three sentences: death, life imprisonment without parole, or life with the possibility of parole as permitted by law. Id. at 350 (citing OCGA § 16-5-1 (e) (1)). We noted that the applicable law offered the trial court "no other sentencing options." Id. Addressing the State's argument that the appellant had agreed, as part of his plea bargain, to accept the specified limitations on his parole eligibility, we held:

> It is true that [appellant] consented to his sentence, including the provision that he would be ineligible for parole for the first 25 years of that sentence. But when a court imposes a criminal punishment that the law does not allow, the sentence is not just an error, it is void. [Cit.] And as we have indicated in a number of cases, the consent of the parties cannot validate a void sentence. [Cits.]

Id. We noted further:

> These principles seem especially sound when applied to a sentence that purports to limit eligibility for parole in a way that is not authorized by statutory law. By imposing such a sentence, a court intrudes upon the constitutional prerogative of the State Board of Pardons and Paroles to extend clemency to persons under sentence. [Cit.] Although the Constitution permits the General Assembly by statute to limit this prerogative in certain respects, [cit.] the Constitution gives the courts no such authority. For that reason, a judicial incursion upon the constitutional prerogative of the Board "violates the constitutional provision regarding the separation of powers." [Cit.] And whatever the prosecuting attorneys and defendant in a criminal case might agree to,

they cannot simply by agreement confer upon the judicial branch an extraconstitutional power to limit the constitutional prerogatives of another branch of the government. [Cit.]

Id. at 350-351.

The analysis and conclusion in *Humphrey* apply squarely in this case. Accordingly, as in *Humphrey*, we hold that appellant's sentence here is void to the extent it purports to limit the power of the State Board of Pardons and Paroles to consider or grant parole to appellant as soon as permitted under applicable statutory law. That provision — but only that provision — must be vacated. See id. at 351. Thus, we reverse the judgment denying appellant's motion to correct void sentence, and we remand with direction to the trial court to vacate that provision of the sentence purporting to limit appellant's eligibility for parole in a manner inconsistent with applicable statutory law.[1]

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 17, 2016.

James A. Ellison, *pro se.*

*Kenneth W. Mauldin*, District Attorney, *Kristopher M. Bolden*, Assistant District Attorney; *Samuel S. Olens*, Attorney General, *Patricia B. Attaway Burton*, Deputy Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, for appellee.

---

[1] While current law would require a defendant sentenced to life for murder to serve at least 30 years before becoming eligible for parole, see OCGA § 17-10-6.1 (c) (1), the law applicable at the time of appellant's crime and sentencing, OCGA § 42-9-45 (b) (2), required such a defendant to serve only seven years before becoming parole-eligible. See Ga. L. 1964, p. 487, § 1 (enacting predecessor to OCGA § 42-9-45).

In addition, we note, as we did in *Humphrey*, that our opinion here does not render judgment on the enforceability of Humphrey's promise, as part of his plea agreement, not to seek parole for a period of 25 years. See id. at 351, n. 2.