**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 26, 2019**

# In the Court of Appeals of Georgia

A18A1862. THOMPSON v. THE STATE.

MILLER, Presiding Judge.

Eric Ferdinand Thompson appeals from the trial court's order, which dismissed his motion to withdraw guilty plea as a matter of right, and only partially granted his motion to vacate a void sentence. Although the trial court removed an improper no-contact parole condition from Thompson's sentence, Thompson argues on appeal that this condition rendered his entire sentence void, and he was therefore entitled to withdraw his guilty plea as a matter of right. We determine that because the trial court was not required to vacate Thompson's entire sentence, it properly dismissed Thompson's motion to withdraw guilty plea for lack of jurisdiction.

It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea. After the expiration of

the term the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings.

(Citations and punctuation omitted.) *Rhone v. State*, 310 Ga. App. 182 (712 SE2d 601) (2011).

On November 8, 2000, Thompson pleaded guilty to rape (OCGA § 16-6-1), aggravated sodomy (OCGA § 16-6-2), two counts of aggravated sexual battery (OCGA § 16-6-22.2), aggravated battery (OCGA § 16-5-24), and robbery by force (OCGA § 16-8-40). The Douglas County Superior Court sentenced Thompson to two life sentences and three terms of 20 years' incarceration, with the sentences running concurrently with one another. The trial court's sentencing sheet stated, "[a]s a special condition of parole, the defendant shall have no contact, directly or indirectly, with [the] victim . . . ."

In January 2018, Thompson filed a "motion to vacate a void sentence/and motion to withdraw guilty plea as a matter of right." Thompson argued that his sentence was illegal because the trial court had no authority to impose conditions on his parole. The trial court ruled that the no-contact provision was in fact improper, but that the invalidation of the parole condition did not render the remainder of the sentence void. Thus, the trial court removed the no-contact condition, left the

2

remainder of the sentence intact, and ruled that the motion to withdraw guilty plea was untimely because it was filed out of term.[1] This appeal followed.

In interrelated enumerations of error, Thompson claims that the no-contact provision was part of his negotiated plea agreement with the State, his entire sentence was rendered void due to the illegality of the no-contact provision, and he therefore had an absolute right to withdraw his guilty plea. This argument is not meritorious.

Certainly, "[p]arole is a matter for the Executive Branch." *Pate v. State*, 318 Ga. App. 526, 531 (3) (734 SE2d 255) (2012). Thus, the "judicial attempt to control parole conditions violates the constitutional provision regarding the separation of powers." (Citation omitted.) *Hayward v. Danforth*, 299 Ga. 261, 261-262 (787 SE2d 709) (2016); *Pate*, supra, 318 Ga. App. at 531 (3).

First, the record does not support Thompson's assertion that the no-contact provision was one of the negotiated plea terms, as there is no plea agreement form to

---

[1] The record appears to indicate that as part of a separate case, Thompson also pleaded guilty on November 21, 2000, to aggravated assault, kidnapping, and rape, and was sentenced to life imprisonment and two 20-year sentences to be served concurrently with the sentence entered on November 8, 2000. Although no corresponding sentencing sheet appears in the record, we glean that this sentence apparently had a similar no-contact parole condition concerning a separate victim, and the trial court removed this condition and left the remainder of this sentence intact as well. This does not alter our conclusion that the trial court properly denied Thompson's motion to withdraw guilty plea.

this effect, and the State did not mention any such provision when it offered its recommendation to the trial court at the plea hearing. Further, Thompson does not demonstrate that the illegality of the portion of the sentence regarding the no-contact provision on his parole required the trial court to vacate the sentence in its entirety.

For instance, in *Ellison v. State*, 299 Ga. 779 (792 SE2d 387) (2016), the defendant entered into a negotiated plea agreement whereby he agreed to not apply or be considered for parole for at least 25 years, and he was also sentenced to life imprisonment. Id. at 779-780. Our Supreme Court determined that the sentence was void *only* to the extent that the trial court purported to limit the defendant's eligibility for parole, and remanded for the trial court to vacate only that specific provision. Id. at 781 ("That provision — but only that provision — must be vacated."); *Humphrey v. State*, 297 Ga. 349, 351 (773 SE2d 760) (2015) (same). See also *Hallford v. State*, 289 Ga. App. 350, 351 (1) (657 SE2d 10) (2008) ("[The defendant] shows only that a condition of his probation was illegal, but not that the improper condition of probation otherwise rendered his sentence void. Generally, invalid conditions of probation may simply be stricken.");*Wyatt v. State*, 113 Ga. App. 857, 859 (3) (b) (149 SE2d 837) (1966) ("The general rule is that if a sentence is legal in part and

4

illegal in part, and the one may be separated from the other, that which is legal will be enforced and that which is illegal will be ignored.").

We are unpersuaded by Thompson's attempt to analogize this appeal to *Kaiser v. State*, 275 Ga. App. 684 (621 SE2d 802) (2005) ("*Kaiser I*") and *Kaiser v. State*, 285 Ga. App. 63 (646 SE2d 84) (2007) ("*Kaiser II*"). Although this Court vacated the defendant's sentence in its entirety in *Kaiser I*, the trial court in that case modified a condition that the parties had negotiated and in so doing effectively imposed a sentence that was not determinate. *Kaiser I*, supra, 275 Ga. App. at 686 (2). That did not occur here.[2] Thus, *Kaiser I* is factually dissimilar to the present appeal and does not dictate the conclusion that the trial court was obligated to vacate the entire sentence.[3]

---

[2] In *Kaiser II*, we explained that in "many circumstances it is appropriate to view the final negotiated plea agreement as a 'package' deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole." *Kaiser*, supra, 285 Ga. App. at 64, n.1. Again, however, the record does not show that the improper parole condition was a part of the negotiated plea agreement. Moreover, in both the *Ellison* and *Humphrey* decisions, discussed supra, our Supreme Court did not view the negotiated plea agreement as a "package deal," despite the fact that the improper parole condition was a part of the negotiated plea agreement. *Ellison*, supra, 299 Ga. at 779-780; *Humphrey*, supra, 297 Ga. at 349-351.

[3] This case is also dissimilar to *Clue v. State*, 273 Ga. App. 672, 674-675 (615 SE2d 800) (2005), where this Court determined that the defendant should have been permitted to withdraw his guilty plea because counsel was ineffective as to four of six

Because the trial court properly vacated only the discrete portion of the sentence relating to the improper parole condition, the remainder of Thompson's sentence — which had long been entered since November 2000 — was still in force, and Thompson had no absolute right to withdraw his plea. *Humphrey v. State*, 299 Ga. 197, 199 (1) (787 SE2d 169) (2016) (determining that only a discrete provision of the parole aspect of the defendant's sentence was invalidated, the remainder of the sentence remained intact, and the defendant had no absolute right to withdraw his plea); see also *Franks v. State*, 323 Ga. App. 813 (748 SE2d 291) (2013) ("As a rule, a defendant has an absolute right to withdraw his plea *before* sentence is pronounced.") (citation omitted; emphasis supplied).

Thus, Thompson was required to file his motion to withdraw his plea "within the term of court in which [he] was sentenced under the plea, as the trial court lacks jurisdiction to entertain a motion to withdraw filed beyond the term of sentencing." *Humphrey*, supra, 299 Ga. at 198 (1). The term of court in which Thompson was sentenced expired in April 2001. See OCGA § 15-6-3 (15.1) (setting forth terms of court in Douglas County). Thompson's untimely motion to withdraw his guilty plea

counts of the indictment, and the voluntariness of the plea was undermined as to the remaining counts.

6

was filed in January 2018, well after the term of his sentencing expired. See *Humphrey*, supra, 299 Ga. at 199 (1) (because defendant had no absolute right to withdraw his plea, his out-of-term motion to withdraw his plea was untimely, and the trial court therefore lacked jurisdiction to entertain the motion). Thus, the trial court properly dismissed Thompson's motion for lack of jurisdiction.

*Judgment affirmed. Brown and Goss, JJ., concur.*