# Court of Appeals
# of the State of Georgia

ATLANTA,  March 26, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1510. FREDERICK WOODS v. THE STATE.**

In May 2018, Frederick Woods pled guilty in Ben Hill County Superior Court to two counts of serious injury by vehicle, and the trial court imposed a total sentence of two years in prison, to be followed by thirteen years on probation. The record contains no indication that Woods filed a direct appeal from his judgment of conviction. In December 2018, Woods filed a motion to dismiss his indictment and vacate his convictions as void, claiming that various alleged procedural deficiencies in the issuance of his indictment deprived the trial court of jurisdiction over his prosecution. The trial court denied Woods's December 2018 motion, and he filed this direct appeal. We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Jones v. State*, 290 Ga. App. 490, 493-494 (1) & (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

Woods's December 2018 motion may not be construed as a motion in arrest of judgment because he did not file it within the term of court in which his judgment of conviction was entered. See OCGA § 17-9-61 (b); *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011); see also OCGA § 15-6-3 (13) (A) (Ben Hill County Superior Court terms begin on the second and third Mondays in January; the first, second, and third Mondays in April; the third and fourth Mondays in June; and the third and fourth Mondays in September and the following Monday). Woods's motion also may

not be construed as a petition for a writ of habeas corpus, because it was brought against the State in his Ben Hill County criminal action, rather than against the Calhoun State Prison warden in Calhoun County, where he is incarcerated. See *Davis v. State*, 274 Ga. 865, 865-866 (561 SE2d 119) (2002); *Reese v. State*, 269 Ga. App. 119, 120 (603 SE2d 685) (2004).

Consequently, there is nothing for us to review in this appeal, which is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/26/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*