# Court of Appeals
# of the State of Georgia

ATLANTA,  June 15, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1576. GLEN ALAN WILLIAMS v. THE STATE.**

Glen Alan Williams was indicted on two counts of trafficking methamphetamine (Counts 1 and 2) and two counts of violating Georgia's Controlled Substances Act (Counts 3 and 4). In 2003, Williams pleaded guilty to Count 2 and the trial court sentenced him to 25 years to serve 15 in confinement with the remainder on probation. The final disposition also indicated that Count 1 was dismissed and Count 3 was merged with Count 2, but there was no sentence regarding Count 4. In 2020, Williams filed a motion to vacate void sentence, arguing in part that he could not be punished for a crime that he did not plead guilty to, and on which there was no factual basis. The trial court agreed, and found that Counts 3 and 4 "should have been and are hereby dismissed, and not merged." However, the court rejected Williams's argument that Count 2 was void, and denied the motion to vacate void sentence. Howard has filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." The operative sentencing order in this case, however, only includes sentences for three of the four indicted counts, and does not reflect the newly-dismissed counts. Thus, in the absence of a written judgment of conviction and sentence on each count, the case remains pending in the trial court, and Williams was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b); *Keller v. State*, 275 Ga. 680, 680-681

(571 SE2d 806) (2002) (a criminal case remains pending until the court enters a written judgment of conviction and sentence on each count). Cf. *Thelusma v. State*, 356 Ga. App. 495, 495 (847 SE2d 852) (2020) (appeal dismissed as interlocutory because no new sentencing order had been entered after the court granted a motion for new trial on certain counts and entered an order of nolle prosequi as to those counts). Consequently, we lack jurisdiction over this premature appeal.

Further, even assuming that the order denying the motion to vacate a void sentence is a final order, Williams does not have a right of direct appeal. A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Williams does not contend that his sentence exceeds the most severe punishment allowed. Rather, he argues that because Count 3 was improperly merged into Count 2, his entire sentence was rendered void. However, "[t]he general rule is that if a sentence is legal in part and illegal in part, and the one may be separated from the other, that which is legal will be enforced and that which is illegal will be ignored." *Thompson v. State*, 348 Ga. App. 807, 808-809 (824 SE2d 685) (2019). Moreover, a merger argument is a challenge to a conviction rather than a sentence, and thus does not constitute a valid void sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a

criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __06/15/2023__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*