# Court of Appeals
# of the State of Georgia

<span style="text-align:right;">ATLANTA, <u>October 28, 2024</u></span>

*The Court of Appeals hereby passes the following order:*

## A25A0578. ARTHUR SHERMAINE BUSSEY v. THE STATE.

In 2015, Arthur Shermaine Bussey entered a negotiated guilty plea to two counts of aggravated assault. Since then he has filed four unsuccessful appeals in this Court related to those convictions.

In 2020, Bussey filed a motion to withdraw his guilty plea. The trial court denied the motion as untimely, and we affirmed on appeal in an unpublished opinion. See Case No. A20A1924 (decided Nov. 12, 2020).

Also in 2020, Bussey filed a motion to vacate a void sentence, arguing that his two aggravated assault counts should have merged. The trial court denied the motion, and Bussey appealed. We dismissed the appeal, explaining that after the statutory period for filing a motion to modify a sentence has expired, a trial court may modify a sentence only if it is void. Bussey's merger argument was a challenge to his convictions, not his sentence, and it therefore did not present a valid void-sentence claim. See Case No. A20A1978 (decided Aug. 24, 2020).

In 2023, Bussey filed a motion to set aside a void judgment, again arguing that his two aggravated assault counts should have merged. He also filed a motion seeking the criminal histories of the State's witnesses. The trial court dismissed both motions, and Bussey appealed. We dismissed both appeals. We reiterated that Bussey's merger argument was not a valid void-sentence challenge, and we stated that his appeal also was barred because the issues he raised could have been litigated in his prior appeal. See Case Nos. A24A0681 and A24A0684 (decided Jan. 18, 2024).

In 2024, Bussey filed an extraordinary motion for new trial, purporting to

present newly discovered evidence showing that his indictment was defective because both counts charged the same act and that his guilty plea was not knowing and voluntary. The trial court denied the motion, and Bussey again appeals. We lack jurisdiction.

To the extent Bussey seeks a new trial, a motion for new trial is not available after a guilty plea. See *Davis v. State*, 274 Ga. 865, 866 (561 SE2d 119) (2002) ("One who has entered a plea of guilty cannot move for a new trial, as there was no trial.") (punctuation omitted). To the extent he challenges the validity of his indictment, Bussey may not collaterally attack his convictions in this manner, as we explained in Case Nos. A20A1978 and A24A0684. See generally *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010) (a motion to correct an illegal conviction "is not an appropriate remedy to attack a conviction in a criminal case"). And to the extent he wants to withdraw his guilty plea, his efforts are untimely, as we explained in his prior appeal in Case No. A20A1924. Additionally, as we noted in our dismissal of Case Nos. A24A0681 and A24A0684, this appeal is barred because the issues Bussey raises were or could have been litigated in his prior appeals. See, e.g., *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/28/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*