S05A0971. DUPREE v. THE STATE.
(619 SE2d 608)

HINES, Justice.

This is an appeal from the dismissal of an untimely motion to withdraw pleas entered pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). For the reasons which follow, we affirm.

On July 10, 2002, Curtis Dupree entered *Alford* pleas to felony murder, burglary, and theft by taking a motor vehicle. Dupree filed a "Motion to Withdraw Guilty Plea, or, in the Alternative, for an Out-of-Time Appeal" on August 24, 2004. On September 14, 2004, the Superior Court of Clay County entered an order dismissing the motion to withdraw the pleas as untimely and denying an out-of-time appeal. Subsequently, and pursuant to Dupree's request, the superior court vacated the order and held an evidentiary hearing, in which

Dupree and his former counsel, W. Douglas Hall, testified. Dupree sought relief based, inter alia, upon Hall's alleged ineffective assistance. On December 7, 2004, the superior court issued an order reinstating and incorporating its prior order of September 14, 2004.[1]

Dupree challenges the trial court's dismissal of his motion to withdraw his pleas.[2] He contends that his attempt to withdraw his pleas is valid because Uniform Superior Court Rule 33.12 (A)[3] allows for the withdrawal of a guilty plea to correct a manifest injustice and does not provide a time frame for doing so; that the holding in *Conlogue v. State*, 243 Ga. 141 (253 SE2d 168) (1979), and its progeny, that the only prescribed means for challenging the entry of a guilty plea after the term of court at which the sentence was entered is through habeas corpus proceedings, is no longer valid; and that allowing him to withdraw his guilty pleas was required to correct a manifest injustice to him caused by Hall's bad advice as to the consequences of his pleas. But Dupree's contentions are wholly unavailing.

The superior court correctly dismissed Dupree's motion to withdraw his pleas because the motion was well out-of-term, and thus, clearly untimely. As this Court recently reaffirmed in *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005),

> It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea. Once the term of court in which a defendant was sentenced has expired, the only available means for an appellant to withdraw his guilty plea is through habeas corpus proceedings.

(Punctuation and footnotes omitted.)
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Samuel G. Merritt*, for appellant.

---

[1] In refusing relief, the superior court found that there was no evidence that Hall advised Dupree in an ineffective manner.

[2] There is no challenge to the denial of Dupree's alternative motion for an out-of-time appeal.

[3] USCR 33.12 (A) provides:
After sentence is pronounced, the judge should allow the defendant to withdraw a plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.