In the Supreme Court of Georgia

Decided: June 16, 2014

S14A0225.  HENDERSON v. THE STATE.
S14A0226.  HENDERSON v. THE STATE.

HUNSTEIN, Justice.

In May 2000, appellant William Henderson pled guilty to two counts of murder and numerous other crimes.  Appellant filed a pro se motion for out-of-time appeal in June 2012, which the trial court denied.  This Court affirmed that denial in April 2013.  See Henderson v. State, 293 Ga. 6 (743 SE2d 19) (2013).  In August 2013, appellant filed a motion to withdraw his guilty plea and a motion to recuse the trial judge, who was the same judge that had taken his guilty plea and denied his motion for out-of-time appeal.  The trial court denied both motions in separate orders, and appellant filed a notice of appeal from both orders.  We see no error in either order and affirm both cases.

1.  In Case No. S14A0225, appellant contends that the trial court erred in denying his motion to recuse.  We disagree.

A motion to recuse must be filed "not later than five (5) days after the

affiant first learned of the alleged grounds for disqualification and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification," unless the movant shows "good cause" for failing to meet the time requirements. Uniform Superior Court Rule 25.1. Once a motion to recuse is filed with the trial judge whose recusal is sought, that judge must make three threshold determinations regarding the legal sufficiency of the motion: whether it was timely filed; whether the affidavit made in support of it, see USCR 25.1, 25.2, is legally sufficient; and whether, if some or all of the facts set forth in the affidavit are true, recusal would be authorized. See USCR 25.3; Mayor & Aldermen of Savannah v. Batson-Cook Co., 291 Ga. 114, 116, 119 (728 SE2d 189) (2012). If all three of these conditions are met, the trial court must refer the motion to "another judge . . . to hear the motion to recuse." USCR 25.3. If any one of the conditions is not met, the trial court does not err in denying the motion. See id.; Henderson v. McVay, 269 Ga. 7 (2)(494 SE2d 653) (1998).

(a) Appellant contends that the trial court erred by failing to hold an evidentiary hearing on his motion to recuse. However, USCR 25.3 does not direct a trial court to hold an evidentiary hearing to decide the legal question whether a motion to recuse meets the threshold requirements of USCR 25.3.

2

See Mayor & Aldermen of Savannah, 291 Ga. at 119 (holding that the threshold requirements of USCR 25.3 "present questions of law, for which the appropriate standard of review is de novo"). The Uniform Superior Court Rules governing recusal only contemplate an evidentiary hearing if it is determined that the motion satisfies the three threshold requirements and the recusal motion is assigned to another judge. See USCR 25.6. Even then, an evidentiary hearing is not required: "The judge assigned may consider the motion solely upon the affidavits, but may, in the exercise of discretion, convene an evidentiary hearing." Id. Accord Horn v. Shepherd, 294 Ga. 468, 472 (2) (a) (754 SE2d 367) (2014) ("The judge assigned to hear the recusal motion may decide it solely on the affidavits but also has discretion to convene an evidentiary hearing.").

Thus, the trial court did not err in failing to hold an evidentiary hearing.

(b) Appellant contends that, because the orders denying his motion to recuse and his motion to withdraw were filed on the same day at the same time, the trial court violated USCR 25.3 by failing to cease acting upon the merits of his motion to withdraw until the court decided whether the motion to recuse met the threshold requirements of that rule. See USCR 25.3 (saying that

3

"[w]hen a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine" whether the motion meets the threshold requirements of the rule). However, the fact that the orders were entered at the same time does not show that the trial court, when reviewing the two motions, considered the motion to withdraw first. "[U]nless shown otherwise, the trial court is presumed to have followed the law." Hill v. State, 291 Ga. 160, 161 (2) (728 SE2d 225) (2012) (citation and quotation marks omitted). Thus, because appellant has not "shown otherwise," we presume that the trial court ruled on appellant's motion to recuse before turning to his motion to withdraw.

(c) We now address whether appellant's motion to recuse satisfied the threshold requirements of USCR 25.3, which present questions of law that we review de novo. See Mayor & Aldermen of Savannah, 291 Ga. at 119.

In his affidavit in support of his motion to recuse, appellant stated that, in March, April, and May 2000, the trial judge had sheriff deputies and appellant's attorneys tell appellant that the judge wanted him to plead guilty and wanted to know why he would not do so. He said that he told his attorneys and the

4

deputies that he would not plead guilty. According to appellant, as his trial neared, his attorneys told him that the trial judge "was tired of [him]" and "unhappy with [him]" because he would not "accept [the judge's] deal." Appellant also said that, on the day his trial began (appellant pled guilty after his trial had begun), the trial court called him to his chambers and told him that if he did not "accept his deal," he would "not see his kids again." Although appellant told the judge that he would not plead guilty, he said that he was confused, thought the trial judge would show bias if he presided over his trial, and ultimately felt "forced to take a deal." Appellant's affidavit also said that recusal was necessary because of prejudicial remarks the trial court made at his sentencing in May 2000 and because the trial court promptly denied his motion for out-of-time appeal in June 2012.

Appellant's affidavit shows that the motion to recuse was untimely to the extent it sought disqualification based on the trial court's alleged pressure on him to plead guilty and the court's alleged improper remarks at his sentencing. Appellant learned of those grounds for disqualification in March, April, and May 2000, and because some of the trial court's alleged involvement in the plea process occurred well before appellant's May 24 plea, appellant should have

sought disqualification within five days of learning of those grounds. See USCR 25.1. Moreover, appellant knew of all these grounds for disqualification by his May 24 plea and sentencing, and within five days of that date, see id., he could have filed both a motion to withdraw his guilty plea and a motion to recuse the trial judge based on all instances of alleged bias by the trial court from March to May 24, 2000. See McKiernan v. State, 286 Ga. 756, 757 (692 SE2d 340) (2010) (explaining that a defendant has a right to file a motion to withdraw a guilty plea within the same term of court in which the plea and sentence were entered); see also OCGA § 15-6-3 (14) (A); Ga. L. 1988, pp. 257, 258, § 1 (saying that the term of court in the Superior Court of Carroll County in which appellant plead guilty and was sentenced did not end until the third Monday in June 2000); McDaniel v. State, 271 Ga. 552, 553-554 (522 SE2d 648) (1999) (holding that the trial court's active participation in the plea negotiation process rendered the defendant's guilty plea involuntary). Furthermore, relying on those same grounds for disqualification, appellant could have, but did not, file a motion to recuse when, in the same case and before the

6

same trial judge, he filed his motion for out-of-time appeal in June 2012.[1]  See

Henderson, 293 Ga. at 6.  Because appellant has not attempted to show "good

cause" for not timely asserting these grounds for disqualification, they cannot

be the basis of a motion to recuse.  See Hampton v. State, 289 Ga. 621, 625 (4)

(713 SE2d 851) (2011) ("[T]he party seeking disqualification has the burden of

asserting and showing 'good cause.'").

Moreover, the trial judge's prompt disposition of appellant's motion for

out-of-time appeal in June 2012 is not a legally sufficient ground for

disqualifying a trial judge.  See Patel v. State, 289 Ga. 479, 486-487 (5) (713

SE2d 381) (2011) (holding that a judicial ruling adverse to a party is not

disqualifying, since for an alleged bias to be disqualifying, it "'must stem from

an extra-judicial source and result in an opinion on the merits on some basis

other than what the judge learned from his participation in the case'" (citation

omitted)).

For these reasons, the trial court did not err in denying appellant's motion

_____

[1]Although appellant did not file a motion to recuse along with his motion for out-of-time appeal, he did contend that "the trial court improperly made 'personal remarks' after it accepted his plea and imposed his sentence." Henderson, 293 Ga. at 8.

to recuse.

2. In Case No. S14A0226, appellant contends that the trial court erred in denying his motion to withdraw his guilty plea, and that he was permitted to file an untimely motion to withdraw his guilty plea because there was manifest injustice in the form of ineffective assistance of counsel. However, because the term of court in which appellant entered his plea and was sentenced expired in June 2000, see OCGA § 15-6-3 (14) (A); Ga. L. 1988, p. 258, § 1, and appellant did not file his motion to withdraw until August 2013, the trial court had no jurisdiction to entertain his motion to withdraw and properly denied it. See Rubiani v. State, 279 Ga. 299, 299 (612 SE2d 798) (2005) ("'[W]hen the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.'" (citation omitted)); see also Dupree v. State, 279 Ga. 613 (619 SE2d 608) (2005) (rejecting the defendant's claim that manifest injustice from ineffective assistance of counsel permitted him to file a motion to withdraw his guilty plea after the term of court had expired).

3. In denying both of appellant's motions, the trial court handwrote, "Motion denied," on the last page of each motion, just below appellant's

signature, and then signed and dated those pages immediately below "Motion denied." Those pages were later filed in the trial court clerk's office as the orders of the court. Appellant contends that both of the trial court's orders are invalid because the trial court did not comply with certain requirements of USCR 36. In particular, he claims that the orders did not contain a "caption" setting out "the exact nature of the pleading," USCR 36.3, and did not identify the parties or the case number, USCR 36.4. Even assuming that USCR 36 applies to superior court judges, but see USCR 36.4 (saying that "[a]ll proposed judgments and orders shall bear the printed name of the responsible attorney or party who prepared the document, with the preparer's bar number, proper address, . . . and e-mail address typed or printed underneath"), and that the trial court erred in this regard, appellant has not shown any harm. Humphreys v. State, 287 Ga. 63, 78 (8) (a) (694 SE2d 316) (2010) ("'The burden is on the appellant to show harm as well as error.'" (citation omitted)). The orders were handwritten on appellant's own documents on the pages that contained his signature, and they were stamped filed in the trial court clerk's office. Appellant then received notice of the orders, recognized that both of his motions had been denied, and filed timely notices of appeal.

9

Appellant's contention that the orders are also invalid because they do not contain findings of fact is without merit. Appellant relies on OCGA § 9-11-52 (a) to argue that findings of fact were necessary, but that Code section is inapplicable to this criminal case. See OCGA § 9-11-1 (saying that Chapter 11 of Title 9 applies "in all actions of a civil nature"). Moreover, we are aware of no requirement that trial courts must enter findings of fact on motions to withdraw, particularly where the controlling issue concerns the timeliness of the motion, and appellant has pointed to no such requirement. Moreover, on motions to recuse, written findings of fact are only necessary when the motion satisfies the threshold requirements of USCR 25.3 and is assigned to another judge for a ruling, see USCR 25.6 ("the judge assigned shall rule on the merits of the motion and shall make written findings and conclusions").

Judgments affirmed in Case Nos. S14A0225 and S14A0226. All the Justices concur.