**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 6, 2015**

# In the Court of Appeals of Georgia

A15A1330. PEREZ v. THE STATE.

PHIPPS, Presiding Judge.

Pro se, Rafael Perez appeals the denial of his motion to withdraw his guilty plea. For reasons explained below, we affirm.

Perez was indicted in Cobb County Superior Court on charges of child molestation and aggravated child molestation. Represented by counsel, Perez entered a negotiated guilty plea to the child molestation charge. On April 12, 2011, the trial court sentenced Perez for that crime, and entered an order of nolle prosequi on the other charge.

On December 6, 2013, representing himself, Perez filed in the sentencing court a motion to withdraw his guilty plea. He claimed that his plea counsel had rendered

ineffective assistance and that, consequently, his guilty plea had been entered unknowingly and unintelligently.

In denying the motion, the court noted that the term of court during which Perez was sentenced had long expired prior to his filing the motion, and thereupon determined that it was without jurisdiction to entertain the motion.[1] Indeed, "[i]t is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea."[2]

1. Although Perez maintains on appeal that his plea counsel rendered ineffective assistance, Perez has shown no basis to disturb the trial court's denial of his motion to withdraw guilty plea.[3]

---

[1] In 2011, the year Perez was sentenced, the court terms for the Superior Court of Cobb County began on the second Mondays in January, March, May, July, September, and November. OCGA § 15-6-3 (11) (2010, 2011).

[2] *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002) (citation and punctuation omitted); see *Henderson v. State*, 295 Ga. 333, 336-337 (2) (759 SE2d 827) (2014).

[3] See *Henderson*, supra (upholding trial court's denial of defendant's motion to withdraw guilty plea, because – despite defendant's claim of "manifest injustice in the form of ineffective assistance of counsel" – the trial court had no jurisdiction to entertain the motion filed after the term of court during which the defendant had been sentenced); *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005) (rejecting the defendant's claim that manifest injustice from ineffective assistance of counsel

2

2. We do not reach Perez's remaining claim of error. Because the issue was not raised below, it is not properly before this court.[4]

*Judgment affirmed. Doyle, C. J., and Boggs, J., concur.*

---

permitted him to pursue a motion to withdraw his guilty plea, where the motion was untimely filed); *Davis*, supra at 865-866 (affirming denial of motion to withdraw guilty plea because, irrespective of defendant's claim that he was denied effective assistance of counsel during the plea proceedings, the trial court lacked jurisdiction to grant the relief requested, where defendant filed his motion after the expiration of the term of court during which he was sentenced).

[4] See *Mann v. State*, 259 Ga. App. 553, 554 (2) (578 SE2d 238) (2003) ("[I]nasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court.") (citation omitted).