In the Supreme Court of Georgia

Decided: September 12, 2016

S16A0992.  LESLIE v. THE STATE.

HUNSTEIN, Justice.

Appellant Nicholas Leslie appeals from the denial of what he styled as a "Motion to Void Illegal Sentence."  We affirm.

In September 1999, Leslie pleaded guilty to malice murder and was sentenced to life imprisonment.  In June 2015, he filed a "Motion to Void Illegal Sentence."  In an accompanying brief, Leslie argued that his sentence was void because, among other reasons, he received ineffective assistance of counsel and his plea was involuntary.  The trial court construed the pleading as an untimely motion to withdraw a guilty plea and dismissed it.  On appeal, Leslie reiterates those claims raised below.

Leslie's motion, which failed to assert any argument relevant to a void-sentence claim, was properly construed as a motion to withdraw a guilty plea. See, e.g., von Thomas v. State, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("[A] defendant cannot assert a claim that his conviction was unlawful in an

untimely motion to vacate his sentence simply by dressing it up as a claim that his sentence was void."). However, a motion to withdraw a guilty plea "must be filed within the same term of court at which the guilty plea or judgment being challenged was entered." See Hagan v. State, 290 Ga. 353, 353 (720 SE2d 645) (2012). "[A]fter the expiration of the term and of the time for filing an appeal from the conviction, the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings." (Citations omitted.) Harris v. State, 278 Ga. 805, 806 (2) (606 SE2d 248) (2004). Leslie's motion cannot, however, be construed as a habeas corpus petition because it was filed in the wrong county, see OCGA § 9-14-43, and outside the four-year limitations period imposed for such petitions, see OCGA § 9-14-42 (c). Accordingly, Leslie's motion was properly dismissed as an untimely motion to withdraw a guilty plea. See Davis v. State, 274 Ga. 865, 865 (561 SE2d 119) (2002).

Judgment affirmed. All the Justices concur.