307 Ga. 656
FINAL COPY

S19A1551.  BANKSTON v. THE STATE.

WARREN, Justice.

Appellant Clinton Bankston appeals the trial court's denial in part and dismissal in part of his pro se motion seeking to vacate his convictions and to withdraw his guilty pleas stemming from the murders of five people.  For the reasons that follow, we affirm in part, vacate in part, and remand the case to the trial court.

In September 1987, a Clarke County grand jury indicted Bankston for the murders of five people and other crimes that he committed when he was 15 and 16 years old.  The trial court denied Bankston's pre-trial motion to bar the imposition of the death penalty, but on April 20, 1988, this Court reversed, ruling that OCGA § 17-9-3 prohibited the imposition of the death penalty against Bankston because he had not reached his seventeenth birthday at the time he committed the offenses.  See *Bankston v. State*, 258 Ga. 188 (367 SE2d 36) (1988).  On May 13, 1988, Bankston

pled guilty but mentally ill to five counts of malice murder. The other charges were nolle prossed, and he was sentenced to five consecutive life sentences.

In 2019, Bankston filed a pro se motion in Clarke County to "vacate void Judgment of Conviction, OCGA § 17-9-4." That motion sought, in substance, to vacate his convictions and to withdraw his guilty pleas. In support of the motion, Bankston argued, among other things, that his plea counsel had provided constitutionally ineffective assistance, that the trial court failed to afford him the benefits of certain processes and protections of the juvenile court system, and that the trial court did not properly inquire into his mental competency. The trial court denied the motion to the extent it sought to vacate Bankston's convictions, rejecting on the merits Bankston's claim that his convictions were void. The trial court dismissed the motion to the extent Bankston sought to withdraw his pleas, ruling that it did not have jurisdiction to consider the claim because it was untimely. Proceeding pro se, Bankston filed this appeal.

2

1. Bankston contends that the trial court erred in denying his motion to the extent it sought to vacate his convictions. A motion to vacate a conviction, however, is not an appropriate remedy in a criminal case and is a nullity. See *Harper v. State*, 286 Ga. 216, 218 (686 SE2d 786) (2009). Accordingly, to the extent that Bankston's motion sought to vacate his convictions, the trial court should have dismissed it rather than denied it on the merits. We therefore vacate that part of the trial court's judgment and remand the case with direction to dismiss that part of the motion. See *Ricks v. State*, 307 Ga. 168, 168 (835 SE2d 179) (2019) (holding that the trial court should have dismissed rather than denied a motion that was unauthorized and a nullity and explaining that we therefore had to vacate the trial court's order and remand with direction to dismiss the motion); *Dos Santos v. State*, 307 Ga. 151, 153 (834 SE2d 733) (2019) (same). "No appeal will be available from that dismissal order." Id. at 160.

2. Bankston also contends that the trial court erred in dismissing his motion to the extent it sought to withdraw his guilty

3

pleas.  However, a "trial court lacks jurisdiction to permit the withdrawal of a guilty plea once the term of court has expired in which the defendant was sentenced."  *Colquitt v. State*, 307 Ga. ___, ___ (834 SE2d 52) (2019) (citation and punctuation omitted). "Because the [1988] term of court in which [Bankston] entered his plea expired decades ago, the trial court did not have jurisdiction" over Bankston's motion to withdraw.  Id.  The trial court therefore properly dismissed Bankston's motion to the extent it sought to withdraw his guilty pleas.  See id.; *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005).

*Judgment affirmed in part and vacated in part, and case remanded with direction.  All the Justices concur.*

DECIDED JANUARY 13, 2020.
Murder. Clarke Superior Court. Before Judge Haggard.
Clinton Bankston, *pro se*.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson,*

*Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.