**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J., and BROWN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 19, 2021**

# In the Court of Appeals of Georgia

A20A2083. JACOBO v. THE STATE.

BROWN, Judge.

Hector Jacobo appeals from the trial court's order dismissing for lack of jurisdiction his extraordinary motion to withdraw guilty plea and vacate conviction. The record shows that in January 2010, Jacobo waived his right to counsel and pleaded guilty to possessing less than one ounce of marijuana. On May 5, 2020, Jacobo filed his extraordinary motion to withdraw guilty plea and vacate conviction, alleging that he was presently jailed and in "removal proceedings," and that his guilty plea had contributed greatly to his immigration dilemma. As grounds for his motion, Jacobo asserted that nothing in the record, including the waiver of counsel form, indicated that the trial court warned him that he could suffer negative immigration consequences as a result of his guilty plea, and that, therefore, his Sixth Amendment

right to counsel and his substantive and procedural due process rights under the Fourteenth Amendment were violated. Concluding that the motion was filed outside the term of court and that Jacobo had made no contention that his sentence was void, the trial court dismissed the motion for lack of jurisdiction.

On appeal, Jacobo, who allegedly entered into an agreement for voluntary departure and is now living in his native Mexico, asserts that this Court should establish a new standard in situations such as his where it appears the trial court failed to "follow the rules" when taking his plea.[1] He contends that the "'void'/'voidable' distinction in this situation has led to a manifest injustice" and that "[a]rguing that the conviction in this case is 'void[,]' or merely 'voidable' is an exercise in sophistry."

---

[1] These rules are OCGA § 17-7-93 (c), and Uniform Superior Court Rule 33.8 (D) (2). OCGA § 17-7-93 (c) provides that "[i]n addition to any other inquiry by the court prior to acceptance of a plea of guilty, the court shall determine whether the defendant is freely entering the plea with an understanding that if he or she is not a citizen of the United States, then the plea may have an impact on his or her immigration status." USCR 33.8 (D) (2) provides that "[t]he judge should not accept a plea of guilty . . . from a defendant without first . . . [i]nforming the defendant on the record: . . . that a plea of guilty may have an impact on his or her immigration status if the defendant is not a citizen of the United States[.]" See *Smith v. State*, 287 Ga. 391, 403 (3) (697 SE2d 177) (2010) (explaining that pursuant to OCGA § 17-7-93 (c) and USCR 33.8 (D) (2), formerly USCR 33.8 (C) (2), a trial court is required to advise all defendants who are not United States citizens and who wish to plead guilty that the plea may have an impact on their immigration status), overruled on other grounds, *Collier v. State*, 307 Ga. 363 (834 SE2d 769) (2019).

"[I]t is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." (Citation and punctuation omitted.) *Perez v. State*, 333 Ga. App. 716 (776 SE2d 312) (2015). See also *Bankston v. State*, 307 Ga. 656, 657 (2) (837 SE2d 788) (2020) (defendant's motion to withdraw guilty plea properly dismissed for lack of jurisdiction where term of court in which defendant entered plea expired decades ago); *Smith*, 287 Ga. at 403 (3) (while timely motion to withdraw guilty plea may lead to evidentiary hearing, trial court's authority to withdraw guilty plea ends with expiration of the term of court in which the plea was entered). Despite Jacobo's claim of manifest injustice because of the trial court's alleged failure to inform him of the impact on his immigration status, and his urging that we establish a new standard, he "has shown no basis to disturb the trial court's [dismissal] of his motion to withdraw guilty plea." *Perez*, 333 Ga. App. at 717 (1), citing *Henderson v. State*, 295 Ga. 333, 336-337 (2) (759 SE2d 827) (2014) (upholding trial court's denial of defendant's motion to withdraw guilty plea, because — despite defendant's claim of "manifest injustice in the form of ineffective assistance of counsel" — the trial court had no jurisdiction to entertain the motion filed after the term of court during which the defendant had been sentenced), and *Dupree v. State*, 279 Ga. 613,

3

614 (619 SE2d 608) (2005) (rejecting the defendant's claim that manifest injustice from ineffective assistance of counsel permitted him to pursue a motion to withdraw his guilty plea, where the motion was untimely filed). Cf. *Smith*, 287 Ga. at 402-403 (3) (on direct appeal, a defendant who seeks to show manifest injustice based on a violation of OCGA § 17-7-93 (c) or USCR 33.8 (D) (2), and who files a *timely* motion to withdraw guilty plea after sentencing, may be entitled to an evidentiary hearing to expand the record to establish three facts relating to the impact on his immigration status). Given the circumstances here, the trial court correctly dismissed Jacobo's motion to withdraw his guilty plea.

*Judgment affirmed. Dillard, P. J., and Rickman, P. J., concur.*