# Court of Appeals
# of the State of Georgia

ATLANTA, January 26, 2023

*The Court of Appeals hereby passes the following order:*

## A22A1431. RANDALL MILLER v. THE STATE.

Randall Miller appeals from the trial court's order denying his motion for early probation termination and to assign the motion to a different judge. We lack jurisdiction because the appeal is untimely.

In 2015, Miller pled guilty to criminal trespass and involuntary manslaughter. He received a ten-year sentence which, as amended, required him to serve one year in confinement and the remainder on probation, and he was allowed to serve the probation in California. In 2018, Miller filed a motion to terminate his probation supervision in California, arguing that significant travel restrictions under that state's laws impaired his ability to work. The trial court denied the motion, finding that good cause existed to continue Miller's period of active probation supervision. Specifically, the court ruled that "for Miller's sentence to continue to have the meaning both [the victim's] family and this Court intended it have, Miller's probation must remain supervised." Miller appealed, but we affirmed the trial court. See *Miller v. State*, 350 Ga. App. XVII (Case No. A19A0211) (May 8, 2019) (unpublished).

In September 2021, the Georgia Department of Community Supervision ("DCS") sent the State a petition for the early termination of Miller's probation under OCGA § 42-8-37 on the ground that this was "his first felony conviction," his "serve time was not more than 12 months," and he "has had no arrests during the supervision period and no revocations."[1] The following month, in response to DCS's petition, the

---

[1] Although DCS did not file the petition with the trial court, the State included it in a response that was filed with the Court and served on Miller.

State filed a motion for a hearing and indicated its opposition to the early termination of Miller's probation. Miller did not file a response to the State's motion.

On January 7, 2022, without holding a hearing, the trial court entered an order reciting the background of the case and concluding: "Given the unique circumstances presented by this case, the Court finds OCGA §§ 17-10-1 (a) (1) (B) (i) and 42-8-37 **INAPPLICABLE** and therefore need not rule on DCS's proposed petition." In a footnote, the court observed that even if those statutes did apply, the court "would not grant any request for early termination of Miller's probation, as it d[id] not believe that such a ruling would be for the best interest of justice or the welfare of society." Miller did not appeal that order.

Instead, on March 10, 2022, Miller filed a "Motion to Terminate Probation and For Assignment of This Motion to a Judge in the Circuit Other Than the Sentencing Judge." In the motion, Miller argued that he met the requirements for early probation termination under OCGA §§ 17-10-1 (a) (1) (B) and 42-8-37 and that the trial court had violated his due process rights by not holding a hearing on the matter, failing to consider evidence, and giving no reason for finding him ineligible for early probation termination. Miller also argued that the motion should be assigned to "another judge in the Circuit who is prepared to comply with the law's procedural and substantive requirements" and "abide by the Constitutional requirement of due process." The trial court denied Miller's motion without a hearing, ruling as follows:

> On January 7, 2022, this Court entered an Order finding OCGA §§ 17-10-1 (a) (1) (B) (2) and 42-8-37 inapplicable to this case. Though Miller failed to appeal that Order, he now asks the Court to terminate his probation on the specific statutory grounds it found inapplicable. This the Court will not do. Moreover, inasmuch as the second portion of Miller's motion is construed as a motion to recuse the undersigned, it is untimely and legally insufficient and therefore **DENIED**.

(Footnote omitted.) On May 3, 2022, Miller filed a notice of appeal.

With respect to the trial court's denial of Miller's motion for early probation termination, a notice of appeal must be filed within 30 days of the entry of the order

sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000) (citation and punctuation omitted; emphasis in original). Here, the trial court ruled on January 7, 2022, that Miller was not eligible for early termination under OCGA §§ 17-10-1 (a) (1) (B) and 42-8-37. Miller, however, did not file a notice of appeal until May 3, 2022 — 116 days later. Although Miller filed a motion to terminate probation on March 10, that motion was, in substance, a motion for reconsideration of the January 7 order, as it sought early probation termination on the same grounds the trial court had rejected in the January 7 order. See *Masters v. Clark*, 269 Ga. App. 537, 539 (604 SE2d 556) (2004) ("[T]here is no magic in the nomenclature used. Under our rules, pleadings are judged by their function and not the name used." (citation and punctuation omitted)). The denial of a motion for reconsideration is not directly appealable, and the filing of such a motion does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000); *Campbell v. State*, 192 Ga. App. 316, 316 (385 SE2d 14) (1989). Because Miller failed to file a notice of appeal within 30 days of the entry of the appealable judgment against him, his appeal is untimely.

With respect to Miller's request for a different judge to hear his motion, he states in his appellate brief that "on remand, the case should be reassigned to a different judge." Because we have no jurisdiction to hear the merits of the probation termination issue, we have no power to remand the case for further proceedings on that issue. Thus, this contention presents nothing to review.[2]

---

[2] In any event, Miller did not satisfy the requirements of Uniform Superior Court Rule 25.1, which provides that a motion to recuse must be accompanied by an affidavit explaining the factual basis for the motion and filed "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification[.]" Miller's motion did not include an affidavit and was filed 62 days after entry of the January 7 order, from which his claims of bias originate. See *Henderson v. State*, 295 Ga. 333, 333-334 (1) (759 SE2d 827) (2014) (trial court does not err by denying motion to recuse that does not satisfy Rule 25.1).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  01/26/2023*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*