**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 21, 2023**

# In the Court of Appeals of Georgia

A23A0475. SANDERS v. THE STATE.

PHIPPS, Senior Appellate Judge.

Jonah Sanders appeals from a trial court order dismissing his motions to withdraw his guilty pleas and modify his sentences. For the following reasons, we affirm in part, vacate in part, and remand this case to the trial court.

The record shows that Sanders pled guilty to a series of crimes committed in 2004 and was sentenced for those crimes in Fulton County Superior Court. The superior court subsequently vacated the sentences for reasons unrelated to this appeal. Sanders again pled guilty to the crimes, and the superior court re-sentenced him in May 2019. In August 2019, Sanders filed a motion to modify his sentences. In June 2022, Sanders filed a motion to withdraw his guilty pleas and an amended motion to

modify his sentences. The superior court issued an order dismissing both June 2022 motions as untimely, and Sanders appeals.

We note at the outset that Sanders's pro se appellate briefs fail to comply with our Court rules. Notably, his briefs do not contain any jurisdictional statement, enumerations of error, or citations to the specific page numbers of the record or transcript that are essential to consideration of his arguments. See Court of Appeals Rule 25 (a) (3), (4) & (d) (2). Although Sanders is proceeding pro se, he is not relieved of his obligation to conform to this Court's rules. See *Bennett v. Quick*, 305 Ga. App. 415, 416 (699 SE2d 539) (2010). "The rules of this [C]ourt are not intended to provide an obstacle for the unwary or the pro se appellant"; however, briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's contentions on appeal. *Williams v. State*, 318 Ga. App. 744, 744-745 (734 SE2d 745) (2012) (citation and punctuation omitted). In addition, "[t]he burden is upon the party alleging error to show it affirmatively in the record," and "[a]ppellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." *Bennett*, 305 Ga. App. at 416 (citations and punctuation omitted). With these principles in mind, we turn to the merits of Sanders's appeal, as best we can discern them.

1. Sanders appears to argue that the trial court erred in dismissing his motion to withdraw his guilty pleas. Specifically, he seems to claim that his pleas were not voluntarily, knowingly, and intelligently entered due to the presence of alleged manifest injustices in the forms of a failure to inform him of the maximum and minimum terms of imprisonment, misinformation regarding parole eligibility, and ineffective assistance of counsel. Despite Sanders's arguments, the trial court correctly dismissed his motion to withdraw as untimely.

It is well settled that "a motion to withdraw a guilty plea must be filed within the same term of court at which the guilty plea or judgment being challenged was entered." *Leslie v. State*, 299 Ga. 636, 636 (791 SE2d 49) (2016) (citation and punctuation omitted). When the term of court in which the defendant was sentenced has expired, a trial court lacks jurisdiction to allow a defendant to withdraw a guilty plea. *Richardson v. State*, 306 Ga. App. 269, 269 (1) (701 SE2d 908) (2010). This is true even if a defendant attempts to withdraw his plea on the grounds of manifest injustices and the ineffectiveness of trial counsel. See *Henderson v. State*, 295 Ga. 333, 336-337 (2) (759 SE2d 827) (2014) (upholding the trial court's denial of a defendant's motion to withdraw his guilty plea because — despite the defendant's claim of "manifest injustice in the form of ineffective assistance of counsel" — the

3

trial court had no jurisdiction to entertain the motion filed after the term of court during which the defendant had been sentenced); see also *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005) (rejecting a defendant's claim that any manifest injustice due to ineffective assistance of counsel permitted him to file a motion to withdraw his guilty plea after the term of court in which he was sentenced had expired).

In this case, Sanders filed the motion to withdraw his May 2019 guilty pleas in June 2022, well beyond the expiration of the term in which he was re-sentenced.[1] Accordingly, the trial court lacked jurisdiction over the out-of-term motion and properly dismissed it as untimely. *Henderson*, 295 Ga. at 336-337 (2); *Dupree*, 279 Ga. at 614.

To the extent that Sanders attempts to argue that he should be allowed to withdraw his guilty pleas because his sentences are void, this argument lacks merit. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds

---

[1] The terms of court for Fulton County Superior Court begin on the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (3).

the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013); accord *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) (a sentence is void only "if the court imposes punishment that the law does not allow."). Here, Sanders's twenty-year sentence for burglary,[2] ten-year sentences for kidnapping[3] and armed robbery,[4] five-year sentences for attempted armed robbery[5] and possession of a firearm during the commission of a felony,[6] and one-year sentences for false imprisonment,[7] aggravated

---

[2] OCGA § 16-7-1 (a) (2004) mandated a sentence of "imprisonment for not less than one nor more than 20 years" for burglary.

[3] OCGA § 16-5-40 (b) (2004) mandated a sentence of "imprisonment for not less than ten nor more than 20 years" for kidnapping.

[4] OCGA § 16-8-41 (b) (2004) mandated a sentence of "death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years" for armed robbery.

[5] OCGA § 16-4-6 (a) (2004) mandated a sentence of "imprisonment for not less than one year nor more than ten years" for criminal attempt to commit an offense punishable by life imprisonment.

[6] OCGA § 16-11-106 (b) (2004) mandated a sentence of "confinement for a period of five years" for possession of a firearm during the commission of a felony.

[7] OCGA § 16-5-41 (b) (2004) mandated a sentence of "imprisonment for not less than one nor more than ten years" for false imprisonment.

5

assault,[8] and theft by taking[9] are all sentences that the law permitted at the time Sanders committed the crimes in 2004. See *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006) ("[I]n general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission.") (citation and punctuation omitted); *Martinez-Chavez v. State*, 352 Ga. App. 142, 143 (1) (834 SE2d 139) (2019) (holding that a trial court is obligated to sentence a defendant pursuant to the statute in effect at the time he committed his crime).

2. Sanders next appears to assert that the trial court erred in dismissing his June 2022 amended motion to modify his sentences. We agree.

The trial court ruled that this motion was untimely. However, as the State acknowledges in its appellate brief, "it appears the superior court did not notice that the June 2022 filing was actually an amended motion which referred back to the timely August 2019 motion to modify." (Emphasis omitted.) Indeed, Sanders's

___

[8] OCGA § 16-5-21 (b) (2004) mandated a sentence of "imprisonment for not less than one nor more than 20 years" for aggravated assault.

[9] OCGA § 16-8-2 (2004) defined theft by taking, and Sanders was indicted for theft by taking a 2003 Lexus LX470 motor vehicle. OCGA § 16-8-12 (a) (2004) mandated that a person convicted for a violation of OCGA §§ 16-8-2 through 16-8-9 "shall be punished as for a misdemeanor" and sentenced to "imprisonment for not less than one nor more than ten years" if the property of the theft was a motor vehicle. OCGA § 16-8-12 (a) (5) (A) (2004).

August 2019 motion to modify his sentences was timely filed following the trial court's May 2019 re-sentencing. See OCGA § 17-10-1 (f).[10] Accordingly, we agree with the State that the trial court's dismissal of Sanders's June 2022 amended motion to modify must be vacated and the case remanded for the superior court to resolve the timely pending motion.

*Judgment affirmed in part and vacated in part, and case remanded. Doyle, P. J., and Gobeil, J., concur.*

---

[10] OCGA § 17-10-1 (f) states, in pertinent part:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.