NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: September 19, 2023

S23A0522. CARTER v. THE STATE.

MCMILLIAN, Justice.

Appellant Rafael Carter appeals the trial court's dismissal of his pro se motion to withdraw his guilty plea stemming from the murder of Terrance Fields during an armed robbery. For the reasons that follow, we affirm.

On June 17, 2014, a Fulton County grand jury indicted Carter and codefendant Rayshawn Terrell for malice murder (Count 1), felony murder (Counts 2-5), armed robbery of Fields and Chauncey Atkins (Counts 6 and 8, respectively), false imprisonment of Atkins (Count 7), aggravated assault of Fields (Count 9), burglary in the first degree (Count 10), possession of a firearm during the commission of a felony (Count 11), and possession of a firearm by a convicted felon (Count 12). On February 10, 2016, during the

January 2016 term of court,[1] Carter, proceeding pro se, entered a non-negotiated plea of guilty to all the counts of the indictment, and that same day, the trial court sentenced him to life in prison with the possibility of parole for malice murder (Count 1), 20 years concurrent for each armed robbery count (Counts 6 and 8), 10 years concurrent for the false imprisonment of Atkins (Count 7), 20 years concurrent for the aggravated assault of Fields (Count 9), 20 years concurrent for burglary (Count 10), and 5 years concurrent for possession of a firearm by a convicted felon (Count 12), as well as a consecutive suspended sentence of 5 years for possession of a firearm during the commission of a felony (Count 11). The trial court purported to merge the felony murder counts for sentencing purposes, but they were actually vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993).

On March 11, 2016, during the March 2016 term of court, Carter filed a motion to withdraw his guilty plea, arguing generally

---

[1] Terms of court for the Atlanta Judicial Circuit commence on the first Monday in January, March, May, July, September, and November. See OCGA § 15-6-3 (3).

that he did not knowingly and voluntarily enter it and that withdrawal was necessary to correct a manifest injustice. It does not appear that the trial court ever ruled on that motion. More than five years later, on October 11, 2021, Carter filed another motion to withdraw his guilty plea, arguing that Counts 6, 9, 10, and 12 should have merged into the felony murder counts and that therefore his sentences on the predicate felonies were null and void. Carter also argued that his sentence on Count 11 was void because he was not properly charged with possession of a firearm during the commission of a felony. On March 16, 2022, the trial court modified Carter's sentence to merge the conviction for aggravated assault of Fields (Count 9) into the malice murder conviction (Count 1). The next day, the trial court dismissed Carter's second motion to withdraw his guilty plea for lack of jurisdiction because the motion was filed outside the term of court in which the guilty plea was entered. The trial court did not mention or address in its order Carter's first motion to withdraw his guilty plea. Carter, still proceeding pro se, timely filed a notice of appeal, which he has since

amended.

Carter continues to assert that he wants to withdraw his guilty plea and plead not guilty. However, "[i]t is well settled that, when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea." *Bonner v. State*, 310 Ga. 426, 427 (851 SE2d 578) (2020) (citation and punctuation omitted); see also *Bankston v. State*, 307 Ga. 656, 657 (2) (837 SE2d 788) (2020). Carter concedes that his motion to withdraw his guilty plea was not filed in the same term of court in which he was originally sentenced. The January 2016 term of court in which Carter entered his guilty plea expired on Friday, March 4, 2016, and a new term of court commenced on Monday, March 7, 2016. See OCGA § 15-6-3 (3). So both his March 11, 2016 and his October 11, 2021 motions to withdraw were filed after the expiration of the term of court in which he entered his plea.

Nonetheless, Carter maintains that his convictions and sentences are void and illegal due to merger errors, thus providing

the trial court with jurisdiction to permit the withdrawal of his guilty plea. See *Collier v. State*, 307 Ga. 363, 373 (2) n.11 (834 SE2d 769) (2019) (recognizing that although a trial court lacks jurisdiction to allow the withdrawal of a guilty plea after expiration of the term of court in which a defendant was sentenced pursuant to that plea, "the trial court retains ongoing jurisdiction to correct a void or illegal *sentence*"). However, Carter's sentence is not void because, as noted above, his felony murder convictions were vacated by operation of law despite the trial court's purported merger of those counts; the trial court has properly merged Carter's conviction for the aggravated assault of Fields (Count 9) into his malice murder conviction (Count 1); no other merger error appears; and each sentence imposed is within the range that the law allows. See generally *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most

severe punishment for which the applicable penal statute provides."). Cf. *Humphrey v. State*, 299 Ga. 197, 199 (1) (787 SE2d 169) (2016) ("Assuming, without deciding, that [the] premise [that where a sentence entered on a plea as to a certain count is later adjudged to be void, such that withdrawal of a guilty plea on that count would be permitted], we find that it is inapplicable here in any event, because [the earlier appellate decision] invalidated only a discrete provision of Humphrey's sentence, expressly leaving all other provisions of his sentence intact and his plea thereon ineligible for withdrawal at this late stage.").

The trial court thus properly dismissed Carter's motion to withdraw his guilty plea. See *Bankston*, 307 Ga. at 657 (2); *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005).

*Judgment affirmed. All the Justices concur.*