NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: December 20, 2024

S24A1076.  TANNER v. THE STATE.

BOGGS, Chief Justice.

Appellant Dewayne David Tanner challenges the trial court's dismissal of his 2024 motion to withdraw his 2017 guilty pleas to malice murder and other crimes in connection with the shooting death of his wife, Stephanie Tanner, and the non-fatal shooting of his mother-in-law, Beverly Broach. The trial court properly dismissed Appellant's motion as untimely, and we therefore affirm.

In April 2017, Appellant entered his guilty pleas in Floyd County Superior Court and was sentenced to serve life in prison without the possibility of parole plus 25 years. Seven years later, in April 2024, Appellant filed a pro se motion to withdraw his guilty pleas, contending among other things that his plea counsel rendered ineffective assistance and that his guilty pleas were not knowingly

and voluntarily entered. The trial court dismissed the motion on the ground that it was untimely and the court therefore lacked jurisdiction to consider it. Appellant filed a timely notice of appeal.

"It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea." *Kerch v. State*, 301 Ga. 814, 814 (804 SE2d 417) (2017) (cleaned up). On Monday, April 24, 2017, during the March 2017 term of court, Appellant entered his guilty pleas and the trial court sentenced him on them. The term of court expired a week later when a new term commenced on Monday, May 1, 2017. See OCGA § 15-6-3 (33) (stating that the terms of the Floyd County Superior Court "commence . . . [on the] [s]econd Monday in January, March, July, and September and first Monday in May and November").

In his pro se brief on appeal, Appellant contends that within 30 days of his sentencing, he sent a letter to the Floyd County Superior Court clerk asking to take back his guilty pleas, and that she responded to his letter. But the record on appeal contains no such

2

letter or response, and in any event, Appellant does not contend that he filed his letter prior to the commencement of the new term of court on May 1, 2017. Almost a year after Appellant was sentenced, on April 5, 2018, he filed a motion to modify or reduce his sentence, which was denied, but he did not file an actual motion to withdraw his guilty pleas until April 29, 2024, more than seven years after sentencing. The trial court therefore lacked jurisdiction to consider Appellant's motion to withdraw his guilty pleas and properly dismissed it as untimely. See *Bankston v. State*, 307 Ga. 656, 657 (837 SE2d 788) (2020) ("A trial court lacks jurisdiction to permit the withdrawal of a guilty plea once the term of court has expired in which the defendant was sentenced." (cleaned up)). Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. All the Justices concur.*