**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 30, 2025**

# In the Court of Appeals of Georgia

A25A1625. LYNCH v. THE STATE.

PER CURIAM.

Ronald C. Lynch appeals from the trial court's order denying his post-conviction motion to set aside his guilty plea. For reasons that follow, we affirm.

The record shows that, on August 11, 2021, Lynch entered a counseled guilty plea to multiple charges, including aggravated assault, two counts of cruelty to children, obstruction, assault, and battery. On September 2, 2021, counsel filed a motion to withdraw the plea, which the trial court denied. Lynch did not appeal this ruling. Rather, on January 15, 2025, Lynch filed a pro se "Motion To Set Aside Judgment." According to the motion, Lynch's guilty plea was not knowing or

voluntary and thus should be set aside under OCGA § 9-11-60 (d).[1] The trial court denied the motion, finding that the only avenue available for Lynch to challenge his plea was through habeas corpus proceedings.[2] Lynch appeals this ruling, arguing that the trial court erred in failing to address the merits of his motion to set aside. We find this argument unavailing for two reasons.

First, we are unaware of any authority allowing a criminal defendant to collaterally attack a plea or conviction through OCGA § 9-11-60 (d), which permits the filing of a motion to set aside a judgment based upon lack of jurisdiction, fraud, accident or mistake, or a nonamendable defect appearing upon the face of the record. The traditionally recognized proceedings for challenging a criminal conviction are: a direct appeal, a motion for new trial, an extraordinary motion for new trial, a motion in arrest of judgment, or a petition for habeas corpus. See *von Thomas v. State*, 293 Ga.

---

[1] Lynch's motion also cited OCGA § 9-11-60 (f), but that subsection pertains to the procedure for filing a motion to set aside rather than a basis for setting aside a judgment.

[2] The trial court did not expressly state that it was denying Lynch's motion to set aside, and thus Lynch complains the order was "vague and ambiguous." In construing a trial court's order, we look to its substance and function. See *State v. Chapman*, 322 Ga. App. 82, 83 (744 SE2d 77) (2013). In ruling that Lynch's only means of challenging his plea was through habeas corpus proceedings, the trial court necessarily denied his motion to set aside.

569, 572 (2) (748 SE2d 446) (2013). But we have found no criminal case in which a defendant has been permitted to set aside a guilty plea under OCGA § 9-11-60 (d).[3] Insofar as Lynch's motion to set aside could be construed as a motion to set aside a void conviction, the Supreme Court has made clear that such a motion is *not* an authorized remedy in a criminal case. See *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009).

Second, although a defendant who has entered a guilty plea may move to withdraw the plea, the motion must be filed within the same term of court as the plea was entered. See *Carter v. State*, 317 Ga. 322, 323 (893 SE2d 52) (2023). To the extent Lynch's motion is construed as one to withdraw his plea, the motion was not filed

---

[3] OCGA § 9-11-60 (d) is part of the Civil Practice Act. See OCGA § 9-11-1 et seq. As a general matter, the Civil Practice Act does not apply in criminal cases. See *Hullender v. State*, 256 Ga. 86, 89 (1) (b) (344 SE2d 207) (1986). An exception to this general principle is OCGA § 9-11-60 (h). See OCGA § 9-11-60 (h) ("[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."); *Thomas v. State*, 319 Ga. 123, 125 n. 4 (902 SE2d 566) (2024) ("While the law of the case doctrine is found in the Civil Practice Act, we have held that it applies in criminal cases, too.") (citation and punctuation omitted). But since neither this Court nor the Supreme Court have ruled in this matter, OCGA § 9-11-60 (h) has no application here.

within the same term of court.[4] Under these circumstances, the trial court properly refused to consider the motion on the merits. See *Carter*, 317 Ga. at 323 ("[I]t is well settled that, when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.") (citation and punctuation omitted).

*Judgment affirmed. Division Per Curiam. All Judges concur.*

---

[4] Under OCGA § 15-6-3 (6), the terms of court for Cherokee County in the Blue Ridge Circuit commence the second Monday in January, May, and September. Here, Lynch's pro se motion to withdraw his plea was filed several years after entry of his sentence.