# Court of Appeals
# of the State of Georgia

ATLANTA, May 27, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0012. CHRISTOPHER HOUSTON v. ERIC DUNAWAY, JUDGE.

Christopher Houston, who is facing criminal prosecution in Fulton County, filed the instant extraordinary motion and supplemental brief in support of his emergency writ of mandamus, seeking a stay of the trial proceedings in two underlying criminal cases, an order compelling a ruling on a recusal affidavit, and an order compelling the court clerk to update his status to "pro se."[1] However, Houston does not demonstrate any basis for this Court to exercise its original jurisdiction.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court recently made clear, an appellate court's authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. It does not grant jurisdiction to this Court to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted). "[I]t will be an 'extremely rare' circumstance that would

---

[1] Houston filed his motion and supplemental brief in the Supreme Court of Georgia, which transferred it to this Court upon finding no basis for jurisdiction there. See Case No. S26M1410 (May 12, 2026).

require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against other superior court judges or trial court officials." Id. at 335(1) n.6.

Here, although Houston contends he filed a mandamus petition in the superior court, he has not included a copy of the petition or a ruling. Houston did, however, include a copy of a recusal order in a civil matter recusing all Fulton County judges as to that matter and referring that civil matter to the 9th Judicial Administrative District. The gist of Houston's petition in this Court appears to be that this recusal order in the civil matter precluded a Fulton County judge from accepting his plea in the criminal matter, and he seeks a writ staying further proceedings in Fulton County and issuing additional relief.[2] According to Houston, he should not be required to file a mandamus petition in Fulton County, which he contends would be useless in light of the recusal in the civil matter.

Contrary to Houston's contention, this is not one of the extremely rare instances in which this Court is authorized to exercise its limited original jurisdiction. Houston has not established that he filed a mandamus petition in superior court. And Houston must first obtain a ruling from the superior court before we will exercise our jurisdiction. See *Brown*, 251 Ga. at 436-37. Although Houston argues that filing a mandamus in Fulton County would be useless, we presume the trial court will follow the law. See *Henderson v. State*, 295 Ga. 333, 335(1)(b) (759 SE2d 827) (2014). Because

---

[2] Under Uniform Superior Court Rule 25.3, when a judge is presented with a recusal motion, "the judge shall temporarily cease to act upon the merits of *the matter*[.]" This rule does not automatically require judges to cease acting upon other matters unrelated to the case in which recusal was sought.

there is no basis for this Court to exercise its jurisdiction, Houston's petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* ___05/27/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*